David E. **TILLMAN**, Plaintiff–Appellee,

v.

**CSX TRANSPORTATION, INC.** & Marler L. Bennett, Defendants–Appellants.

No. 90–3146.

United States Court of Appeals,
Fifth Circuit.

April 11, 1991.

---

L. Havard Scott, III, Brent A. Talbot, Chaffe, McCall, Phillips, Toler & Sarpy, New Orleans, La., for defendants-appellants.

Anthony S. Taormina, Clark Richard, Metairie, La., for plaintiff-appellee.

Before BROWN, POLITZ and JOHNSON, Circuit Judges.

JOHN R. BROWN, Circuit Judge:

This case requires us to determine whether the trial court abused its discretion in allowing the addition of a party that it determined would destroy its jurisdiction and then remanding the case back to state court. Reaching the most crucial conclusion first, we hold that by remand to state court, this case lies irretrievably in state court, despite, as the basis for remand, the trial court's mistaken belief that it no longer had jurisdiction. The trial court brought its remand order within the absolute immunity from review of 28 U.S.C. § 1447(c) by expressly referring to a lack of jurisdiction as one of the bases of its decision to remand.

Through appeal under 28 U.S.C. § 1291, and a petition for a writ of mandamus, CSX Transportation, Inc. (CSX) and Marler Bennett seek review of both parts of the district court's order which (i) allowed the amendment adding the Louisiana Department of Transportation and Development (DOTD), and (ii) remanded the case to state court. As for the propriety of allowing the amendment, we hold that this part of the

order did not terminate federal jurisdiction and was therefore an interlocutory, nonappealable order. With regard to the trial court's decision to remand, although the trial court did not mention § 1447(c) by name, the court did cite the destruction of its jurisdiction as one of its grounds for remand. With the order resting on the trial court's belief that it lacked jurisdiction, the case is irretrievably in state court.

### An Unwanted Addition

Near New Orleans, on November 17, 1987, a train owned and operated by CSX with Bennett, the engineer, at the controls struck a tractor/trailer rig driven by David Tillman. There was immediate, complete, thorough diversity jurisdiction from the outset. Tillman, a Mississippi resident, brought suit in Louisiana state court against CSX, a Florida resident, and Bennett, an Alabama resident. CSX and Bennett then properly removed the case to the Eastern District of Louisiana on the basis of diversity.

Soon after removal, Tillman filed for a continuance of the original trial date. The trial court relented, pushing the trial date back to January 22, 1990, with a cut-off date for amendments to pleadings of June 9, 1989. Four months after this deadline for amendments had passed, Tillman moved to file an amended complaint to add the DOTD as a defendant. In addition, Tillman included a motion to remand to state court. The trial court denied this first attempt to amend, stating that the DOTD was not an indispensable party, Tillman was grossly and inexcusably dilatory, and the defendants would be substantially prejudiced by the amendment.

■ This denial, however, did not sound the death knell for Tillman's motions. Less than one week before trial, in the course of court-ordered settlement discussions, the trial court informed the defendants that it was considering adding the DOTD as a party defendant and remanding the action back to state court. When court-ordered settlement discussions failed, the trial court fully resuscitated Tillman's motions for leave to amend and for remand. On the eve of trial, the trial court allowed the joinder of the DOTD as a party defendant. Turning to what it considered to be the concomitant effect of such an addition, the trial court held that the joinder of a state party not amenable to suit in federal court under the Eleventh Amendment[1] destroyed its jurisdiction over the case. Within the same order, the trial court remanded the case back to state court.[2]

---

1. The trial court's conclusion that the DOTD could claim Eleventh Amendment immunity from suit brought against it in federal court by a private party is supported by the Supreme Court's position that "in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment." *Pennhurst State School & Hosp. v. Halderman,* 465 U.S. 89, 100, 104 S.Ct. 900, 908, 79 L.Ed.2d 67 (1984). In addition, the Fifth Circuit has repeatedly held that the DOTD may exercise such immunity from suit by private citizens in federal court. *See Fireman's Fund Ins. Co. v. Department of Transp.,* 792 F.2d 1373 (5th Cir.1986); *Freimanis v. Sea–Land Serv., Inc.,* 654 F.2d 1155 (5th Cir.1981). This federal immunity still exists, despite Louisiana state law rendering the DOTD amenable to suit in state court. "[A] state may waive its common law sovereign immunity under state law, without waiving its Eleventh Amendment immunity" to suit in a federal court. *In re Allied Signal, Inc.,* 919 F.2d 277, 280 n. 4 (5th Cir.1990). *See also Port Authority Trans–Hudson Corp. v. Feeney,* ―― U.S. ――, ――, 110 S.Ct. 1868, 1872, 109 L.Ed.2d 264, 273 (1990).

2. The trial court's order reads as follows:

In preparing for trial in this matter, the court has reconsidered its decision denying Plaintiff's Motion for Leave of Court to Amend Petition and Remand. The court finds that Plaintiff's case against CSX Transportation, Marler Bennett, and the State of Louisiana through the Department of Transportation and Development (DOTD) should be tried before one factfinder due to the closely interrelated nature of the facts which form the basis of potential liability in this matter.

Fed.R.Civ.P. 15(a) governs amendments to pleadings, and this Rule specifies that "leave of court shall be freely given [to amend] when justice so requires." Since Plaintiff's proposed amendment would destroy subject matter jurisdiction in this court, the joinder is governed by 28 U.S.C. § 1447(e).... Here, Plaintiff has a valid cause of action against the DOTD, and thus the purpose of the amendment is not to defeat federal jurisdiction....

In its remand order, the trial court did not expressly cite the remand statute of 28 U.S.C. § 1447(c).[3] Instead, the trial court based its decision to send the case back to state court on two separate grounds. First, the joinder would destroy its subject matter jurisdiction, necessitating remand, and, second, the court believed that the suit "should be tried before one fact-finder due to the closely interrelated nature of the facts which form the basis of potential liability in this matter."

### Separating the Separable

As a preliminary matter, the appellee contends that the part of the trial court's order granting leave to amend and the part of the order remanding the case must be construed together. The Supreme Court, however, rejected this position in *Waco v. United States Fidelity & Guar. Co.*, 293 U.S. 140, 55 S.Ct. 6, 79 L.Ed. 244 (1934). *See also Mitchell v. Carlson*, 896 F.2d 128 (5th Cir.1990). Like the present situation, *Waco* involved an appeal of a district court decree embodying several orders, including a remand order. The *Waco* Court determined that no appeal would lie from the order of remand, "but in logic and in fact the decree of dismissal preceded that of remand and was made by the District Court while it had control of the cause," *Waco*, 293 U.S. at 143, 55 S.Ct. at 7, 79 L.Ed. at 245. The court could review the decree of dismissal though it was unable to review the remand order. Here, the trial court issued the joinder and remand orders in a single decree. The order granting leave to amend to join the DOTD appeared first in the document, followed by the order remanding the case, both "in logic and in

fact." Since the joinder of the DOTD provided the judge's mistaken impetus for remanding the case, we think it best to evaluate the appealability of each order separately.

### Return to Sender?

As this issue will essentially determine the entire disposition of this case, we first consider the appellants' contention that the trial court erred in remanding the case to state court. However, to reach this issue, we must initially determine whether we may review it, either on appeal or by mandamus.

▮ Reviewability of a remand order depends entirely upon the trial court's stated grounds for its decision to remand. Remand after removal is controlled by § 1447(c),[4] which provides that "[i]f ... it appears that the district court lacks subject matter jurisdiction, the case shall be remanded...." Through the prohibitory effect of 28 U.S.C. § 1447(d),[5] remand orders under § 1447(c) are not reviewable on appeal, by mandamus, or otherwise, except in civil rights cases. *See Gravitt v. Southwestern Bell Tel. Co.*, 430 U.S. 723, 97 S.Ct. 1439, 52 L.Ed.2d 1 (1977); *Volvo Corp. v. Schwarzer*, 429 U.S. 1331, 97 S.Ct. 284, 50 L.Ed.2d 273 (1976); *Mitchell*, 896 F.2d at 128. We feel it necessary to point out that the age-old touchstone language of § 1447(c), "removed improvidently and without jurisdiction," has been amended to read as provided above. The previous language, "improvidently and without jurisdiction," served as "magic words" in case law under the prior statute, the mere incantation of which rendered any remand order

---

3. *See* note 2, *supra*. 28 U.S.C. § 1447(c) (as amended) (Supp.1990) provides:

> A motion to remand the case on the basis of any defect in removal procedure must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. A certified copy of the order of remand shall be mailed by its clerk to the clerk

of the State court. The State court may thereupon proceed with such case.

4. *See* note 3, *supra*.

5. Once a case is remanded pursuant to §§ 1447(c), 1447(d) mandates that

> [a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to section 1443 [civil rights cases] of this title shall be reviewable by appeal or otherwise.

based thereon totally unreviewable, "no matter how clearly erroneous the order appear[ed] on its face." *In re Merrimack Mutual Fire Ins. Co.,* 587 F.2d 642, 648 (5th Cir.1978); *see also Volvo Corp.,* 429 U.S. at 1332, 97 S.Ct. at 285, 50 L.Ed.2d at 275; *Royal v. State Farm Fire & Casualty Co.,* 685 F.2d 124, 126 (5th Cir.1982). We see no reason why the incantation of the new phrase, "lacks subject matter jurisdiction," should not have the same magical effect. *See* 28 U.S.C.A. § 1447(c) (as amended) and Commentary on 1988 Revision (Supp.1990) (no substantive change).

In its remand order, the trial court never mentioned § 1447(c). However, it is clear from the trial court's prior orders that it was aware of § 1447(c), as its order of November 1, 1989, declining to add the DOTD, specifically cites both the statute and its amended language verbatim. Oblivious to the amended language in § 1447(c), the appellants contend that we may review the remand order by mandamus because the trial court did not recite the magic words, "improvidently and without jurisdiction," when remanding the case. As we mention above, that language no longer exists, and while the appellants may still have some attachment to it, it is no longer the basis for remand. Still, the appellants argue that the failure to cite to § 1447(c) places this remand within the small class of cases that fall under the *Thermtron* exception to § 1447(c). *See Thermtron Products, Inc. v. Hermansdorfer,* 423 U.S. 336, 96 S.Ct. 584, 46 L.Ed.2d 542 (1976).

In *Thermtron,* the Supreme Court slightly enlarged reviewability of remand orders from the narrow constraints imposed by § 1447(d), holding that review is available by mandamus when remand is explicitly based upon grounds other than those specified in § 1447(c). *Thermtron* 's progeny, however, has construed this exception very

narrowly. *See, e.g., Merrimack,* 587 F.2d at 647. Rather than extend this exception to any situation where a trial court, in the remand order, neither specifically recited the actual language of § 1447(c) verbatim nor mentioned the statute itself, "*Thermtron* announced only a narrow rule that was intended to be limited to the extreme facts of that case, in which a district judge stated openly that he was relying on a non-§ 1447(c) ground for remand." *Id.* *See also Soley v. First Nat'l Bank of Commerce,* 923 F.2d 406, 409 (5th Cir.1991) (holding that while the remand order was "confusing, we conclude that our decision in *Merrimack* precludes review of the remand order because the district court did not clearly and affirmatively state that it relied on a non–1447(c) ground"). Thus, even if the trial court neither states as grounds for remand the specific words of § 1447(c) nor cites the statute itself, the order is unreviewable if, by substantially similar language, it is evident that the court intends to remand for the grounds recited in § 1447(c).[6]

Such is the case here. Although the trial court neither quoted the actual language of § 1447(c) nor cited to the statute, the remand order provided that appellee's "amendment would destroy subject matter jurisdiction in this court." This ground comes literally within § 1447(c). Thus, we are precluded from reviewing the remand order on appeal, by mandamus, or otherwise. *See Merrimack,* 587 F.2d at 647–48.

■ This preclusion constrains us notwithstanding the fact that the trial court in remanding the case relied on a mistaken assumption—that after adding the DOTD it no longer had jurisdiction. The trial court determined that Tillman's amended petition "destroyed subject matter jurisdiction because the Eleventh Amendment prohibits

6. *Compare In re Allied–Signal, Inc.,* 919 F.2d 277 (5th Cir.1990) (granting writ of mandamus after noting that the trial court did not state that jurisdiction was lacking but affirmatively reflected that remand was based solely on a state statute) *with In re Weaver,* 610 F.2d 335, 337 (5th Cir.1980) (denying writ of mandamus despite the absence of specific § 1447(c) words,

when the district court based remand upon its belief that jurisdiction was lacking). *See also Merrimack,* 587 F.2d at 647–48 (holding that the district court's order, while not referring to § 1447(c) by number, stated one of its grounds, no jurisdiction, thereby precluding review by mandamus).

suits by private citizens against the DOTD in federal court." While it is true that the Eleventh Amendment does create such a prohibition,[7] this prohibition did not deprive the trial court of jurisdiction in this case, as it is well established that the state may waive its Eleventh Amendment immunity by consenting to suit in federal court.[8] The DOTD's immunity has no effect upon the diversity jurisdiction already established between Tillman, CSX, and Bennett. There is absolutely no basis upon which the trial court could hold that the addition of a state agency that could exercise or waive its Eleventh Amendment immunity would destroy its established diversity jurisdiction over all parties.

■ Unfortunately for the appellants, like many before them, they may have won the battle, but lost the war. The Supreme Court has expressly held that a remand order based upon lack of jurisdiction, *even if clearly erroneous,* cannot be reviewed. *See Thermtron,* 423 U.S. at 343, 96 S.Ct. at 589, 46 L.Ed.2d at 549. In fact, in *In re Southwestern Bell Telephone Company,* 535 F.2d 859 (5th Cir.), *modified en banc,* 542 F.2d 297 (1976), *rev'd sub nom. Gravitt v. Southwestern Bell Tel. Co.,* 430 U.S. 723, 97 S.Ct. 1439, 52 L.Ed.2d 1 (1977), this court reviewed by mandamus a remand order on the ground that the district court had employed erroneous principles in determining that it no longer had jurisdiction. The Supreme Court pointed out the error of our ways in *Gravitt,* 430 U.S. at 724, 97 S.Ct. at 1440, 52 L.Ed.2d at 3, tersely holding that the district court's remand order "was plainly within the bounds of § 1447(c) and hence was unreviewable by the Court of Appeals, by mandamus or otherwise." That is the answer for this case without travelling down the mandamus road again.

Finally, the appellants' emphasis on the trial court's comment on the need to try the case before one fact-finder, a non-§ 1447(c) basis for remand, is unavailing to bring the case within *Thermtron.* The trial court explicitly stated that the destruction of its jurisdiction served as one of its grounds for remand. This sufficiently cloaks the remand order in the § 1447(c) absolute immunity from review. *See Gravitt,* 430 U.S. at 723–24, 97 S.Ct. at 1439–40, 52 L.Ed.2d at 3; *Volvo Corp.,* 429 U.S. at 1333, 97 S.Ct. at 285, 50 L.Ed.2d at 275; *In re Weaver,* 610 F.2d at 337. Cases subsequent to *Thermtron* have been unwilling to extend *Thermtron* beyond the factual situation of that case, and we refuse to do so now. Whether right or wrong—indeed on the assumption that its premise for remand was wholly unfounded—the trial court remanded the case because the addition of the DOTD deprived the court of jurisdiction. This case therefore lies irretrievably in state court. Whatever the outcome of the chicken or the egg riddle of which came first, the allowance of the amendment or the remand order, our conclusion essentially renders review of whether the trial court abused its discretion by allowing the amendment a postmortem exercise.

*Extra Postage*

■ Regardless of this curious predicament, we turn now to the trial court's decision to allow joinder of the DOTD. If allowance of the amendment came first, the case at that moment was still ongoing. The DOTD, once added, could have waived its Eleventh Amendment immunity and remained as a party, or if it chose to exercise its immunity, the trial court could have dismissed it so it would no longer even be a party. The DOTD's temporary presence as a party would not have tainted or obliterated a classic case of diversity. Consequent-

---

7. The Eleventh Amendment states that: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." For application of Eleventh Amendment immunity to state agencies in federal court, see note 1, *supra.*

8. *See, e.g., Port Authority,* —— U.S. at ——, 110 S.Ct. at 1871, 109 L.Ed.2d at 272; *Atascadero State Hosp. v. Scanlon,* 473 U.S. 234, 241, 105 S.Ct. 3142, 3146–47, 87 L.Ed.2d 171, 179 (1985). In certain cases, Congress has abrogated the States' sovereign immunity. *See, e.g., Dellmuth v. Muth,* 491 U.S. 223, 109 S.Ct. 2397, 105 L.Ed.2d 181 (1989).

ly, the grant of leave to amend was an unreviewable interlocutory order.[9]

█ Still, we feel it necessary to point out that the trial court's decision to allow joinder, while unreviewable, did not rise to the level of an abuse of discretion. Though the factual scenario seems complicated, the trial court certainly had § 1447(e) discretion to decide whether to allow joinder of the DOTD.[10] In allowing the joinder, the trial court correctly tempered its discretion with the standard established by *Hensgens v. Deere & Co.*, 833 F.2d 1179 (5th Cir. 1987), *appeal after remand*, 869 F.2d 879 (5th Cir.1989),[11] finding that the plaintiff had a valid cause of action against the DOTD, so the principal purpose of the amendment was not to defeat federal jurisdiction. The court further considered the "other factors bearing on the equities," as required by *Hensgens*, and held that justice militated in favor, as the court described it, of trying the case before one fact-finder due to the closely interrelated nature of the operational facts in this railroad crossing case. Although at that moment the trial court could have, in its discretion, denied permission to amend, its opposite ruling, even though based upon a mistaken conclusion, was not an abuse of its discretion.[12]

### The Dust Settles

Consequently, having been erroneously remanded on § 1447(c) jurisdictional grounds, this case is irretrievably beyond anything we can do about it. We cannot review it by any means. We emphasize our complete inability to do anything about the trial court's joinder order, whether interlocutory or final, because what we cannot review we cannot by some juridical self-help get back to federal court.

While we point out that the trial court did not abuse its discretion in allowing joinder, this determination only provides extra postage. The mere presence of a § 1447(c) ground as one of the bases for the trial court's remand has returned this case to sender, without a forwarding address for federal jurisdiction.

For the reasons stated herein, the order granting appellee leave to amend, though not reviewable, was correct, and the correctness of remand is not reviewable even by mandamus.

*Appeal Dismissed and Petition for Writ of Mandamus Denied.*

9. Before an appellate court could review such an interlocutory order, it must have practical finality; meaning that the appellant was effectively out of federal court. *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 10 n. 8, 103 S.Ct. 927, 933 n. 8, 74 L.Ed.2d 765, 766 n. 8. As we have concluded, despite the trial court's mistaken assumption to the contrary, the case still resided in federal court after the addition of the DOTD.

10. 28 U.S.C. § 1447(e) provides: "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy ... jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."

11. Though F.R.Civ.P. 15(a) provides that the court should give leave to amend freely when justice so requires, when such joinder would destroy subject matter jurisdiction

justice requires that the district court consider a number of factors to balance the defendant's interests in maintaining the federal forum with the competing interests of not having parallel lawsuits. For example, the court should consider the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether plaintiff has been dilatory in asking for amendment, whether plaintiff will be significantly injured if amendment is not allowed, and other factors bearing on the equities ...
*Hensgens*, 833 F.2d at 1182.

12. To act within its discretion did not require the court to expressly contradict its previous holding that the DOTD was not an indispensable party. In *Hensgens* this court rejected such an argument, holding that "the balancing of these competing interests is not served by a rigid distinction of whether the proposed added party is an indispensable or permissive party." 833 F.2d at 1182 n. 2.