IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95-30386
Summary Calendar
_____


MEDERIC MEYER

                        Plaintiff-Appellee

        v.


CALLON PETROLEUM OIL COMPANY; G M SCOTT

                        Defendants - Appellants

            and


CONSTITUTION STATE SERVICE COMPANY; J M SCOTT, (a fictitious
name)

                        Defendants

_____

        Appeal from the United States District Court
            for the Eastern District of Louisiana
                        (CA-94-3576-E)
_____
                    November 28, 1995

Before KING, SMITH, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

    This case arises from a personal injury action filed by

---

[*]Local Rule 47.5 provides:  "The publication of opinions
that have no precedential value and merely decide particular
cases on the basis of well-settled principles of law imposes
needless expense on the public and burdens on the legal
profession."  Pursuant to that Rule, the court has determined
that this opinion should not be published.

1

plaintiff-appellee Mederic Meyer ("Meyer"), an oyster farmer, against Callon Petroleum Company ("Callon") and G. Mac Scott ("Scott"), Callon's production foreman, in each of two Louisiana judicial districts.  The defendants removed both state court cases to the United States District Court for the Eastern District of Louisiana, where they were consolidated.  Upon the commencement of informal discovery, Meyer moved to amend his complaint to add the State of Louisiana as a defendant.  The district court granted Meyer's motion to amend, and then remanded the action to the state court.

Callon and Scott appeal the district court's decision remanding the case.  Finding that we lack jurisdiction to review the appeal, we DISMISS.


I.  FACTUAL AND PROCEDURAL HISTORY

On October 8, 1993, Meyer was injured when he struck an abandoned pipeline while dredging oysters in Black Bay, Louisiana.  He filed suit against Callon, the owner of the pipeline, as well as Scott, Callon's production foreman, in each of two separate Louisiana judicial districts on September 22, 1994.  On November 7, 1994, Callon and Scott removed both state court actions to the United States District Court for the Eastern District of Louisiana on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332.  The two cases were consolidated. Meyer did not file a motion to remand.

During informal discovery, Meyer discovered that the State

2

of Louisiana, Department of Natural Resources or the Louisiana State Mineral Board, or both, owned, controlled or leased the water bottom in which the submerged pipes were located. On February 8, 1995, before any trial date had been set and before any dispositive motions were filed, Meyer filed a motion for leave of court to supplement and amend the complaint in order to add the State of Louisiana as a named defendant. Meyer argued that Rule 15(a) of the Federal Rules of Civil Procedure, which provides that "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires" compelled the court to allow him to seek relief from all liable parties, even if that meant that federal jurisdiction would be sacrificed as a result. Callon and Scott opposed the motion to amend, arguing that the Eleventh Amendment precluded the court from exercising jurisdiction over the State of Louisiana in diversity, and that Meyer's motion to amend was nothing more than a "patent and transparent attempt to defeat [federal] jurisdiction."

On April 10, 1995, the district court issued its written order and reasons. The court granted Meyer's motion to amend his complaint, reasoning that justice requires that Meyer be allowed to add the State of Louisiana as a named defendant. The court concluded that Meyer had stated a claim under Louisiana law against Louisiana, and rejected Callon and Scott's contention that Meyer's request to add Louisiana as an additional defendant was based solely on strategic reasons. Because the case had not

3

yet been set for trial, the court determined that remand would not unduly prejudice the defendants and would promote judicial economy. The court's order and reasons concluded by ordering "that pursuant to 28 U.S.C. § 1447(e), this action is hereby REMANDED to the [state court]."

On April 20, 1995, Callon and Scott filed a timely notice of appeal, and also filed a motion for stay of the order remanding the case pending appeal to this court. The district court denied the motion for stay on the grounds that the order remanding the case is non-reviewable pursuant to 28 U.S.C. § 1447(d) because it was made on the grounds of lack of subject matter jurisdiction. The district court specifically noted that "[w]hile explicitly citing only subsection (e) of § 1447, it is patent that the Court is also relying upon subsection (c) in remanding the case."

II.  DISCUSSION     Because Callon and Scott do not challenge the district court's decision granting Meyer's motion to amend and supplement his complaint, the only issue on appeal is whether the district court erred in remanding the action to state court.  As Meyer correctly argues, however, we lack jurisdiction to review the remand order.

Remand of a case after removal is controlled by 28 U.S.C. § 1447(c), which provides, in pertinent part:  "If, at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  Orders remanding cases pursuant to 28 U.S.C. § 1447(c) are not

4

reviewable on appeal, by mandamus, or otherwise, except in civil rights cases. 28 U.S.C. § 1447(d);[1] Tillman v. CSX Transp., Inc., 929 F.2d 1023, 1026 (5th Cir. 1991). In Tillman we held that the district court need not explicitly state that it is remanding a case pursuant to 28 U.S.C. § 1447(c) in order to preclude review; as long as the district court utters the "magic words" that it believes that it "lacks subject matter jurisdiction," the remand is rendered "totally unreviewable." 929 F.2d at 1026 - 27.[2]

Tillman makes it clear that a remand based on a lack of subject matter jurisdiction is "totally unreviewable, `no matter how clearly erroneous the order appeared on its face.'" Id. at 1027 (quoting In re Merrimack Mutual Fire Ins. Co., 587 F.2d 642, 648 (5th Cir. 1978)). This is also true whether or not the

_____

[1] 28 U.S.C. § 1447(d) provides:

> An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to section 1443 of this title shall be reviewable by appeal or otherwise.

Section 1443 concerns the removal of civil rights actions.

[2] 28 U.S.C. § 1447(c) was amended in 1988. In Tillman, we "fe[lt] it necessary to point out that the age-old language of § 1447(c), `removed improvidently and without jurisdiction,' has been amended" to provide now that a case shall be remanded if "it appears that the district court lacks subject matter jurisdiction ..." Tillman, 929 F.2d at 1026. While, in the past, the language, "improvidently and without jurisdiction" served as "magic words," the "mere incantation of which rendered any remand order based thereon totally unreviewable," the "magic words" now consist of the language "lack[ing] subject matter jurisdiction." Id. at 1026 - 27.

5

district court explicitly mentions 28 U.S.C. § 1447(c) in its remand order.  Thus, Callon and Scott's arguments that the district court "tacitly" acknowledged that it retained diversity jurisdiction are irrelevant in light of the fact that the district court believed -- correctly or incorrectly -- that the addition of the State of Louisiana as a defendant deprived it completely of subject matter jurisdiction.

In this case, as in Tillman, appellants argue that the remand is reviewable pursuant to Thermtron Products, Inc. v. Hermansdorfer, 423 U.S. 336 (1976).  In Thermtron, the Supreme Court, analyzing a version of § 1447(c) that has since been amended, held that review is available by mandamus when remand is explicitly based on grounds other than those specified in § 1447(c).  We have since interpreted Thermtron to have carved out "only a very narrow rule which was intended to be limited to the extreme facts of that case, in which a district judge stated only that he was relying on a non-§ 1447(c) ground for remand." Merrimack, 587 F.2d at 647; see also Tillman, 929 F.2d at 1027; Soley v. First Nat'l Bank of Commerce, 923 F.2d 406, 409 (5th Cir. 1991).  Because the district court clearly remanded this case because it believed that it could not exercise subject matter jurisdiction over one of the named defendants -- the State of Louisiana -- Thermtron does not apply.

Further, Callon and Scott's attempt to point to our decision in In re Shell Oil Co., 932 F.2d 1518 (5th Cir. 1991), for support of reviewability is unavailing.  In Shell Oil, we

6

reaffirmed the principle that "remand orders for lack of subject matter jurisdiction [remain] the only clearly unreviewable remand orders." 932 F.2d at 1520. And, as discussed above, the district court remanded the case because it believed it lacked subject matter jurisdiction, despite Callon and Meyer's conclusory attempts to characterize the reasons for the court's order otherwise.

Moreover, Callon and Scott's argument that Freeport-McMoRan v. KN Energy, Inc, 498 U.S. 426 (1991), gives us jurisdiction to review the remand order is similarly misplaced. In Freeport-McMoRan, the Court reviewed an order of the court of appeals dismissing a case for want of jurisdiction. The application of § 1447(d) was not at issue.

Finally, Callon and Scott contend that we are able to review the remand order because it was made for the reasons of furthering "the interests of justice" -- a reason for remand not recognized by 28 U.S.C. § 1447(c). This argument is meritless. As the district court's order and reasons makes explicit, furthering the "interests of justice" was, instead, the court's reason for granting Meyer's motion to amend his complaint, and not its reason for remand. Because Callon and Scott do not challenge the district court's decision to grant Meyer's motion to amend, they concede that the court did not err when it allowed Meyer to add Louisiana as a defendant in the action.

Thus, Callon and Scott provide no basis to distinguish this case from Tillman v. CSX Transp., Inc., 929 F.2d 1023 (5th Cir.

1991).  As in <u>Tillman</u>, we lack jurisdiction to review the remand order.

## III.  CONCLUSION

For the reasons stated above, we DISMISS the appeal.