**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 97-30113**
**Summary Calendar**
_____

**BARBARA LACHNEY,**

**Plaintiff-Appellant,**

**versus**

**LUMBERMENS MUTUAL CASUALTY COMPANY,**

**Defendant-Appellee.**

_____

Appeal from the United States District Court
for the Western District of Louisiana
Alexandria Division
(96-CV-901)
_____

October 13, 1997

Before JONES, DeMOSS and PARKER, Circuit Judges.

PER CURIAM:[1]

Barbara Lachney appeals the district court's denial of
her motion to remand as well as the district court's grant of
summary judgment in favor of Lumbermens Mutual Insurance Company
("Lumbermens").  Finding no error in either ruling, we affirm.

Lachney was injured in an automobile accident in April
1995.  Lachney worked for Johnson & Johnson and, at the time of

_____

[1]Pursuant to Local Rule 47.5, the court has determined that this opinion
should not be published and is not precedent except under the limited
circumstances set forth in Local Rule 47.5.4.

the accident, she was driving a car furnished to her by Johnson &

Johnson. Lorraine Giddings was the other driver involved in the accident. Giddings was a permissive user of a vehicle owned by Donald Smith, the named insured in a $10,000 liability policy issued by Financial Indemnity Company ("Financial").

Lachney sued Lumbermens in Louisiana state court, alleging that she should receive payment under the uninsured or underinsured motorist ("UM") coverage provided by Lumbermens to Johnson & Johnson on company-owned and leased vehicles. Lachney's damages claim exceeds the limits of the Financial policy covering Donald Smith.

Lumbermens removed the case to federal court based on diversity. After removal, Lachney moved for leave to file an amended complaint against Giddings and Financial. The district court granted leave to amend. Since both Lachney and Giddings were Louisiana citizens, Lachney moved to remand.

Lumbermens responded by filing a motion to recall the order permitting the amended complaint against Giddings and Financial on the grounds that the joinder was merely to defeat diversity. The district court granted this motion and denied the motion to remand. The court found the first factor outlined in Hensgsens v. Deere & Co., 833 F.2d 1179, 1182 (5th Cir. 1987), the purpose of the post-removal amendment, to be dispositive:

2

> Plaintiff has been aware of Giddings'
> identity and role in the underlying tort from
> day one. At the time plaintiff filed suit in
> state court against Lumbermens on her UM
> coverage claim, she could have easily named
> Giddings and Financial as defendants on the
> related underlying tort claim. The
> possibility of reaching a settlement with
> these defendants did not excuse plaintiff
> from failing to name them as party defendants
> to this action at the outset. In short, we
> find that the principal purpose of
> defendant's post-removal addition of Giddings
> and Financial is to defeat this court's
> subject matter jurisdiction.

The district court also reasoned that Lachney would not be prejudiced by the denial of joinder because it could still pursue Giddings and Financial in state court, Financial had the resources to cover any liability on the part of Giddings, and Financial had made a settlement offer indicating that a state trial might not even be necessary.

On appeal, Lachney argues that the district court's decision is not justified on the basis of a fraudulent joinder rationale because she can obviously state a cause of action against Giddings and Financial. Lachney also complains that she does not have a settlement with Financial and has been put through the burden of pursuing this case in two forums.

We can not say that the district court abused its discretion in denying Lachney's attempts to join Giddings and Financial post-removal. Under 28 U.S.C. §1447(e), the district court has discretion to deny post-removal attempts to join non-

3

diverse defendants, and the Hensgens factors are still appropriately employed by the court in exercising that discretion. See Tillman v. CSX Transportation, Inc., 929 F.2d 1023, 1029 (5th Cir.), cert. denied, 502 U.S. 859 (1991). The authorities cited by Lachney deal with the broad ability of the plaintiff to add parties pre-removal, rather than any limits on the district court's discretion in allowing the addition of non-diverse parties post-removal.

After the denial of remand, Lumbermens filed a motion for summary judgment on the grounds that Johnson & Johnson had executed a valid waiver of UM coverage in its policy. Louisiana law dictates that UM coverage is automatically provided in a liability policy, and requires that any rejection of such coverage be unambiguous to be effective. See Tugwell v. State Farm Ins. Co., 609 So.2d 195 (La. 1992). See also La.R.S. 22:1406. An insured has three options: 1) UM coverage equal to the bodily injury limits on the liability policy, 2) UM coverage lower than the bodily injury limits on the liability policy, but not less than $20,000, or 3) no UM coverage. Id. at 197.

The district court found that Johnson & Johnson, through its manager of risk management, effectively rejected UM coverage in the Lumbermens policy by signing a rejection form that had an "x" placed in boxes next to the statements "I reject Uninsured Motorists Coverage Bodily Injury for owned automobiles" and "I

4

reject Uninsured Motorists Coverage Bodily Injury for hired and non-owned automobiles ... ."  The district court found that the rejection form properly informed the insured of the three options available under Louisiana law.  The district court also noted the affidavit of Wayne Klokis stating that he was adequately informed of his three options and affirmatively chose to reject UM coverage.

On appeal, Lachney contends that the district court overlooked ambiguities in the rejection form and improperly relied on the Klokis affidavit as evidence of the insured's intent.  Specifically, Lachney notes that the rejection form does not include $20,000, the statutory minimum, in the list of "available limits" under the policy.  Similarly, Lachney faults the form for not listing $5,000,000, or the limit on the liability policy, as one of the "available limits."

However, the policy does state that "[a]s required by Louisiana law your policy has been issued with Uninsured Motorists Coverage at limits equal to your bodily injury liability limits.  You may choose to select lower or higher limits, but not less than the Financial Responsibility Limit of $20,000.00 per 'accident.'"  This is a correct statement of Louisiana law, and the rejection form included a blank for the insured to write in the amount of UM coverage desired.  Thus, we agree with the district court that the form "permitted the

5

insured to make a meaningful selection from among the insurance options required by Louisiana law, even if the 'available limits' listed did not include every dollar amount between $20,000 and $5,000,000."  We also agree that the form "presented a clear, unambiguous, and unmistakable rejection of UM coverage under Louisiana law."  The district court's interpretation finds ample support in the recent decision in <u>Daigle v. Authement</u>, 691 So.2d 1213 (La. 1997).[2]

For the foregoing reasons, the judgment of the district court is AFFIRMED.

**AFFIRMED.**

---

[2]In addition, although it is unclear to what extent the district court relied on the Klokis affidavit, Louisiana courts are not as hostile to the use of such documents to show intent as Lachney claims. <u>See</u> <u>Moyles v. Cruz</u>, 682 So.2d 326, 328-331 (La. Ct. App. 1996).