David MASINTER, Plaintiff–Appellee, Cross–Appellant,

v.

TENNECO OIL CO., et al., Defendants–Appellees,

Marlin Drilling Co., Inc., Defendant–Appellant, Cross–Appellee,

and

Liberty Mutual Ins., Co., Intervenor–Cross–Appellee.

No. 87–3638.

United States Court of Appeals, Fifth Circuit.

June 10, 1991.

Edward J. Koehl, Jr., Thurl Stalnaker, Jr., Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans, La., for defendant-appellant, cross-appellee.

John K. Leach, New Orleans, La., for Liberty Mut. Ins. Co.

Robert L. Hackett, Obstreicher, Whalen & Hackett, New Orleans, La., for Masinter.

Before THORNBERRY, KING, and JONES, Circuit Judges.

THORNBERRY, Circuit Judge:

In *Masinter v. Tenneco Oil Co.*, 867 F.2d 892 (5th Cir.1989) [hereinafter *Masinter I*], this court affirmed the district court's finding that Marlin Drilling Co., Inc. (Marlin) breached a duty of care owed to David Masinter, a sales representative who was injured while on a drilling rig owned by Marlin supervising the installation of products sold by his employer. We held that

the district court's award for future wage loss was excessive, however, and we gave Masinter the option of accepting a remittitur in the amount of $84,527.40 or of seeking a new trial on the issue of damages. *See id.* at 900. Our mandate did not provide instructions with respect to the allowance of interest, contrary to the dictate of Federal Rule of Appellate Procedure 37, which states that "[i]f a judgment is modified or reversed with a direction that a judgment for money be entered in the district court, the mandate shall contain instructions with respect to allowance of interest."[1]

Masinter chose not to accept a remittitur and received a new trial. In March 1990, the trial court entered a judgment awarding him $84,527.40, the precise amount offered by *Masinter I.* This court recently affirmed that judgment. *See Masinter v. Tenneco Oil Co.,* 929 F.2d 191 (5th Cir. 1991) [hereinafter *Masinter II* ]. *Masinter II* allowed the plaintiff to recover interest for past lost wages and pain and suffering from the date of the judgment in the first trial, but because *Masinter I* vacated the judgment as to future lost wages and did not provide instructions as to the allowance of interest, *Masinter II* ruled that interest on future lost wages could run only from the date of the second, modified judgment. *See also Vickers v. Chiles Drilling Co.,* 882 F.2d 158, 159 (5th Cir.1989). Masinter now asks this panel to recall and reform our mandate in *Masinter I* to permit him to recover interest on the award for future lost wages from the date of the first judgment.

■ We may recall the mandate in *Masinter I* only "to prevent injustice." *See* Loc.R. 41.2; *Canal Ins. Co. v. First General Ins. Co.,* 901 F.2d 45, 47 (5th Cir.1990); *Martin v. Walk, Haydel & Assocs., Inc.,* 794 F.2d 209, 211 (5th Cir.1986). Masinter contends that we should reform our mandate in *Masinter I* for two reasons. First, *Masinter I* gave him the option of accepting a remittitur or seeking a new trial, and he maintains that he should not be punished for choosing one option over another. Second, *Masinter I* affirmed the district court's finding of liability against Marlin for lost future wages in some amount, and if we did not reform the mandate, Marlin would receive the benefit of using Masinter's money for two years after the district court concluded that Marlin was liable to him. *See Reeves v. International Tel. & Tel. Corp.,* 705 F.2d 750, 752, *reh'g granted to allow additional interest,* 709 F.2d 358 (5th Cir.1983).

Marlin argues that justice will not be served by reforming the mandate in *Masinter I.* Had Masinter chosen to accept the remittitur, he would have received interest from the date of the judgment in the first trial, but because he elected not to accept the remittitur and to seek a new trial, he should receive interest only from the date of the second judgment following that new trial. Moreover, Masinter waited over two years to seek this relief. *See Leroy v. City of Houston,* 906 F.2d 1068, 1075 (5th Cir. 1990); *In re Incident Aboard the D/B Ocean King on August 30, 1980,* 877 F.2d 322, 327 (5th Cir.1989) (Garwood, J., dissenting). Masinter contends that this delay was excusable, however. He states that he did not know that Rule 37 applied because *Masinter I* "vacated" the district court's judgment rather than modifying it or reversing it.

Marlin's arguments are cogent. Nevertheless, Masinter's contentions are slightly more persuasive. Therefore, this court's mandate in *Masinter I* is recalled and reformed. The district court is instructed to award interest on the award of future lost wages from the date of the first judgment.

---

1. We note that this circuit has frequently overlooked the prescription of Rule 37. *See* 16 C. Wright, A. Miller, & E. Cooper *Federal Practice and Procedure* § 3983, at 625 n. 3 (Supp.1991).

Like Jacob Marley, we have returned and published this order so that other panels will not repeat our neglect.