IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

--------

No. 91-2401

--------

MOBIL CORPORATION AND MOBIL
OIL CORPORATION, ET AL.,

                              Plaintiffs-Appellees,

versus

ABEILLE GENERAL INSURANCE CO., ET AL.,

                              Defendants,

THE INSURANCE COMPANY OF IRELAND, ET AL.,

                              Defendants-Appellants.

--------

Appeal from the United States District Court
for the Southern District of Texas

--------

( February 17, 1993 )

Before WILLIAMS, HIGGINBOTHAM, and BARKSDALE, Circuit Judges.

HIGGINBOTHAM, Circuit Judge:

Claiming to be the instrumentality of a foreign sovereign, the Insurance Company of Ireland removed this suit from state to federal court pursuant to the Foreign Sovereign Immunities Act. 28 U.S.C. §§ 1441(d), 1602 et seq. Finding that ICI had failed to establish that the FSIA applied, the district court remanded. ICI appeals, but we must dismiss for lack of appellate jurisdiction.

Mobil amended its pension plan annuity in the 1980's and has been sued by many former employees. Seeking liability insurance coverage of these claims, Mobil filed this suit in state court seeking a declaratory judgment resolving coverage questions. One

policy in dispute was underwritten by ICI. Claiming to be a foreign sovereign instrumentality, ICI removed the suit to federal district court.[1] ICI would have been entitled to a bench trial in federal court under 28 U.S.C. § 1441(d).

ICI is an Irish corporation. At the time of underwriting, ICI was not owned by the Irish government. When financial difficulties threatened in 1985, the Irish government moved to preserve the company. Sealuchais Arachais Teoranta, a holding company created by the Irish Parliament and controlled by the Irish Minister for Industry, Trade, Commerce, and Tourism, acquired all of ICI's shares. With financial stability, its shares are to revert to the original shareholders. The parties dispute the Minister's control of ICI's operations.[2] The district court remanded the case to state court, holding that ICI was not the instrumentality of a foreign sovereign, and that it had contractually waived any right to remove.

Mobil disputes our jurisdiction because an "order remanding a case to State court from which it was removed is not reviewable on appeal or otherwise . . . ." 28 U.S.C. § 1447(d). Read in conjunction with § 1447(c), the statute provides that remands based

---

[1]The first notice of removal in this case was filed by defendant Arab Insurance Group in November 1989. The district court found that the FSIA did not apply to ARIG. Although ARIG is jointly owned by Kuwait, Libya, and the United Arab Emirates, it is incorporated in another country, Bahrain. See 28 U.S.C. § 1603(b)(3). This ruling was not appealed.

[2]Since we lack jurisdiction to reexamine the district court's FSIA finding, we do not discuss other evidence regarding ownership and control of ICI and Sealuchais Arachais Teoranta.

2

on the lack of subject matter jurisdiction are not reviewable. Thermtron Prods., Inc. v. Hermansdorfer, 423 U.S. 336, 343, 96 S. Ct. 584, 589 (1976). Reviewability turns on the grounds for the remand decision. Tillman v. CSX Transp., Inc., 929 F.2d 1023, 1026 (5th Cir.), cert. denied, 112 S. Ct. 176 (1991).

It is plain that the district court remanded, at least in part, for lack of subject matter jurisdiction,[3] finding that ICI had not met its burden of establishing jurisdiction under FSIA, stating "ICI's assertion that it is a foreign sovereign is tenuous at best."

ICI urges that § 1447(d) permits an exception for FSIA cases. ICI starts with the premise that not all remand orders are beyond review. For example, a remand for reasons not authorized by statute may be appealed. Thermtron, 423 U.S. at 351, 96 S. Ct. at 593. It continues with the observation that appellate jurisdiction has also been extended to independent substantive matters which would have terminated the lawsuit before the remand. See, e.g., In re Life Ins. Co. of North America, 857 F.2d 1190 (8th Cir. 1988) (holding that district court should have found ERISA preemption and granted summary judgment rather than remand). ICI then notes that denials of sovereign immunity from suit under FSIA are subject to interlocutory appeal. See, e.g., Walter Fuller Aircraft Sales, Inc. v. Republic of the Philippines, 965 F.2d 1375, 1379 n.4 (5th Cir. 1992); Foremost-McKesson, Inc. v. Islamic Republic of Iran,

---

[3]Once the district court found that it lacked subject matter jurisdiction under the FSIA, there was no need to rule on Mobil's contention that ICI had contractually waived any removal rights.

905 F.2d 438 (D.C. Cir. 1990). On this foundation, ICI would build the conclusion that unique FSIA concerns justify reviewing the district court's purportedly "substantive" decision that ICI is not an instrumentality of Ireland; that the decision incidentally defeated federal subject matter jurisdiction is of no moment.

We are not persuaded that any of these cases permit an exception from the clear meaning of § 1447(d). Congress enacted § 1447(d) so that state court actions could proceed without delay if federal courts consider proper factors and remand, regardless of the correctness of their jurisdictional decisions. See Robertson v. Bell, 534 F.2d 63, 66 n.5 (5th Cir. 1976). The district court's decision here was a jurisdictional call, despite ICI's effort to drape it with a substantive label. "Although the existence of removal jurisdiction may depend upon substantive matters, the absence of removal jurisdiction is a procedural defect" governed by § 1447(c). Hopkins v. Dolphin Titan Int'l, Inc., 976 F.2d 924, 926 (5th Cir. 1992).

Section 1447(d) predated FSIA and its removal provision, but Congress made no exception for appellate review of a remanded FSIA case, as it has done for civil rights and FDIC cases. See 28 U.S.C. § 1447(d); 12 U.S.C. § 1819(b)(2)(C). Relatedly, in waiving the sovereign immunity of the United States, Congress did not provide a FTCA exception to § 1447(d) and this court has refused to create one. Mitchell v. Carlson, 896 F.2d 128, 131 (5th Cir. 1990). The FSIA has no such exception and, as in Mitchell, we "must adhere to the broad application of § 1447(d)." Id.

4

ICI contends that a remand based upon an erroneous denial of foreign sovereign status could strip a sovereign of immunity from suit by insulating that deprivation from appellate review. Mobil responds that the immunity question would remain subject to examination upon appeal in the state courts.[4] The contention that an unreviewed remand works a practical deprivation of immunity is not without force. Whatever its ultimate merit, its risk is inherent in the omission by Congress of an exception to the withholding of appellate review.

DISMISSED FOR LACK OF APPELLATE JURISDICTION.

---

[4]The FSIA governs actions in state courts as well as federal courts. See 28 U.S.C. § 1602.