**PHILLIPS PETROLEUM CO., et al.**

v.

**AIG TECHNICAL SERVICES,
INC., et al.**

No. Civ.A. G–00–133.

United States District Court,
S.D. Texas,
Galveston Division.

May 26, 2000.

Ronald D. Krist, Krist Weller et al., Houston, TX, Robert H. Shulman, Howrey Simon et al., Washington, DC, for Phillips Petroleum Company, plaintiff.

Veronica Martinsen Bates, Hermes Sargent et al., Dallas, TX, Mary Erlene Reyes, Hermes Sargent et al., Dallas, TX, for AIG Technical Services, Inc., defendant.

J. Hampton Skelton, Skelton Woody & Arnold, Austin, TX, for St. Paul Fire and Marine Insurance Company, defendant.

### ORDER GRANTING PLAINTIFFS' MOTION TO REMAND

KENT, District Judge.

Plaintiffs filed suit against Defendants to enforce liability insurance contracts under which Plaintiffs were named as additional insureds. Plaintiffs originally brought suit in the 149th Judicial District Court of Brazoria County. Defendants timely removed the action to this Court on March 9, 2000. Now before the Court is Plaintiff's Motion to Remand, filed April 7, 2000. For reasons set forth more fully below, Plaintiff's Motion to Remand is **GRANTED.**

### I. Factual Background

Zachry Construction Company and H.B. Zachry Company (collectively "Zachry") are contractors hired by Plaintiff Phillips Petroleum Company to perform work at Phillips' Houston Chemical Complex. The contract between Phillips and Zachry required Zachry to name Plaintiffs as additional insureds under its insurance policies for any liability arising from Zachry's work. There appear to be two such insurance policies, one issued to Zachry by Defendant National Union Insurance Co., and the other issued to Zachry by either Defendant St. Paul Insurance Co., or St. Paul Fire and Marine Insurance Co.

On June 23, 1999 a fire occurred at the Houston Chemical Complex which killed or injured five of Zachry's employees. The injured employees filed five state court actions against Plaintiffs. Plaintiffs notified the Defendant insurance companies of these claims and demanded defense and indemnity coverage under the terms of the two policies sold to Zachry. The Defendant insurance companies either denied coverage or reserved rights under the policies, which prompted Plaintiffs to file suit in the 149th Judicial District Court of Brazoria County for declaratory relief and damages for breach of contract. Defendants timely removed the action to this Court on March 9, 2000.

Plaintiffs originally sued AIG Technical Services, Inc. ("AIGTS"); National Union Fire Insurance Co. of Pittsburgh, Pennsylvania ("National Union") and St. Paul Insurance Co. ("St.Paul"). Although not originally named as a Defendant, St. Paul Fire and Marine Insurance Co. ("St. Paul Fire & Marine") is now a party to the present action.

### II. Motion to Remand

#### 1) The Analytical Standards

An examination of the face of Plaintiffs' Complaint reveals there is no basis for federal question jurisdiction pursuant to 28 U.S.C. § 1331. Consequently, for the Court to enjoy subject matter jurisdiction over this removed action, there must be complete diversity of citizenship between the properly joined Plaintiffs and Defen-

dants, 28 U.S.C. § 1332, and no properly joined Defendant may be a resident of the state of Texas, 28 U.S.C. § 1441(b).

The other requirement for diversity jurisdiction is satisfied because neither party disputes that the amount in controversy exceeds $75,000. The parties also agree as to the citizenship of the parties. Plaintiff Phillips is a Delaware corporation with a principal place of business in Oklahoma. Individual Plaintiffs Jim Ross, Bob Burro, Harold Banks, Darin Fields and C.R. Banks are all residents of Texas. Defendant AIGTS is a Delaware corporation with a principal place of business in New York, while Defendant National Union is a Pennsylvania corporation with a principal place of business in New York. Defendant St. Paul is a corporation formed under the laws of the state of Texas, and with its principal place in the same state. Finally, Defendant St. Paul Fire & Marine is a Minnesota corporation with a principal place of business in Minnesota.

In order to assess the merits of Plaintiffs' Motion To Remand it is necessary to determine whether Defendant St. Paul and Defendant AIGTS are proper parties in this action. If *both* AIGTS and St. Paul were fraudulently joined, then removal is clearly warranted because there is complete diversity of citizenship between Plaintiffs and the remaining Defendants. On the other hand, if *either* AIGTS or St. Paul are proper parties, then removal jurisdiction is absent. If AIGTS is a proper party, then there would not be complete diversity between the Plaintiffs and the Defendants as required by 28 U.S.C. § 1332: Defendant AIGTS and Plaintiff Phillips are both Delaware corporations. And if St. Paul is a proper party, then removal jurisdiction is absent for two reasons. First, there would be an absence of complete diversity because Defendant St. Paul and the individual Plaintiffs are all residents of Texas. Second, St. Paul is a resident of the state in which Plaintiffs' claims were originally brought, which con-travenes the provisions of 28 U.S.C. § 1441(b).

■ The Court begins by noting that "the burden of persuasion placed upon those who cry 'fraudulent joinder' is indeed a heavy one." *B., Inc. v. Miller Brewing Co.,* 663 F.2d 545, 549 (5th Cir. Unit A Dec.1981). In order to prove that a non-diverse defendant was fraudulently joined in a case to defeat diversity jurisdiction, the removing party must show either that there has been outright fraud in the plaintiff's pleadings of jurisdictional facts or that there is absolutely no possibility that the plaintiff would be able to recover against the non-diverse defendant in state court. *See Sid Richardson Carbon & Gasoline Co. v. Interenergy Resources, Ltd.,* 99 F.3d 746, 751 (5th Cir.1996); *Cavallini v. State Farm Mut. Auto Ins. Co.,* 44 F.3d 256, 259 (5th Cir.1995). "If the plaintiff has *any* possibility of recovery under state law against the party whose joinder is questioned, then the joinder is not fraudulent in fact or law." *Burden v. General Dynamics Corp.,* 60 F.3d 213, 216 (5th Cir.1995) (emphasis added).

Since the parties do not dispute the citizenship of the various parties, Defendants are not alleging any fraud in Plaintiffs' pleading of jurisdictional facts. Hence for Defendants to defeat Plaintiffs' Motion for Remand, Defendants must demonstrate "that there is absolutely no possibility that the plaintiff will be able to establish a cause of action against the in-state defendant in state court." *Sid Richardson,* 99 F.3d at 751 (quoting *Cavallini,* 44 F.3d at 259).

■ In assessing a "no possibility of recovery" fraudulent joinder claim, the Court must evaluate all of the contested factual allegations in the light most favorable to the plaintiff. In addition, the Court must resolve any uncertainties concerning the current status of controlling state substantive law in favor of the plaintiff. *See Sid Richardson,* 99 F.3d at 751; *Burden,* 60 F.3d at 216. "After all disput-

ed questions of fact and all ambiguities in the controlling state law are resolved in favor of the nonremoving party, the court determines whether that party has any possibility of recovery against the party whose joinder is questioned." *Carriere v. Sears, Roebuck & Co.*, 893 F.2d 98, 100 (5th Cir.1990); *see also Burden*, 60 F.3d at 216.

### 2) *Plaintiffs' Alter Ego Theory*

■ Defendants' burden is indeed a heavy one, and the Court finds that Defendants have failed to carry it. Plaintiffs maintain that both St. Paul and AIGTS may be regarded as the alter egos of St. Paul Fire and Marine and National Union, respectively. *See Castleberry v. Branscum*, 721 S.W.2d 270, 272 (Tex.1986) (partially superseded by Tex.Bus.Corp.Act. Ann.Art. 2.21A); *see also Western Horizontal Drilling, Inc., v. Jonnet Energy Corp.*, 11 F.3d 65, 69 (5th Cir.1994) (noting that while *Castleberry* was partially superceded by statute, the other principles for imposing alter ego liability under *Castleberry* are "alive and well in Texas."). Under the *Castleberry* doctrine, alter ego may be found "where a corporation is organized and operated as a mere tool or business conduit of another corporation." *Id.*

■ St. Paul argues that it is not a proper party to this suit because it did not issue Policy No. KK09100847 to Zachry. Instead, according to St. Paul, the policy was actually issued by a closely related but legally distinct entity, St. Paul Fire and Marine.

However, Plaintiffs point out that St. Paul's name and address are typed on the first page of the pre-printed form which was used for Policy No. KK09100847. Moreover, Plaintiffs note that St. Paul admits it mailed the insurance policy to Zachry. Plaintiffs contend that the explanation for these otherwise puzzling clerical errors is that St. Paul Fire and Marine is a "mere tool or business conduit" of St. Paul. *See id.* In addition, Plaintiffs have produced evidence which tends to suggest

that St. Paul Fire and Marine has direct financial control over St. Paul. Plaintiffs have also produced evidence that the two companies have the same president, the same executive vice-president, the same chief financial officer, the same treasurer, the same corporate secretary, and have several senior vice presidents and directors in common. Plaintiffs conclude that St. Paul is the alter ego of St. Paul Fire and Marine, and would be considered as such under Texas law for purposes of imposing contractual liability. Consequently, St. Paul was not fraudulently joined, and therefore St. Paul's presence in this suit deprives the Court of subject matter jurisdiction.

■ Defendants contend that AIGTS is merely a claims adjusting company for National Union, and thus not a proper party to this breach of contract suit. Plaintiffs again rely on the *Castleberry* doctrine and contend that AIGTS may be the alter ego of National Union. In support of this contention, Plaintiffs point out that AIGTS and National Union are both owned by AIG, a large insurance and financial services conglomerate. AIGTS appears to be involved in the underwriting process on behalf of National Union. Throughout the claims process, Phillips has had no contact or interaction with National Union, but instead has dealt exclusively with AIGTS. Furthermore, AIGTS was the entity which made the decision to deny coverage under the National Union insurance policy. In correspondence with Plaintiffs, AIGTS has repeatedly reserved its *own* rights, in addition to those of National Union, which suggests that AIGTS recognizes its own potential contractual liability under Texas law. AIGTS has made it clear to Phillips that it is in complete control, and has sole authority, with regard to all coverage decisions relating to Phillips' claim. Plaintiffs conclude that AIGTS is the true insurer behind National Union, and therefore a proper party in the present action.

### 3) Defendants' Procedural Arguments

Defendants do not seriously contest the core facts upon which Plaintiffs base their alter ego theories. Instead, Defendants make two procedural arguments in an attempt to avoid remand. Neither of these technical arguments is persuasive.

■ First, citing *Carriere v. Sears, Roebuck & Co.*, 893 F.2d 98, 100 (5th Cir. 1990), Defendants argue that the evidence offered by Plaintiffs to support their alter ego theory is not properly before the Court because Plaintiffs failed to submit affidavits. But *Carriere* simply noted that "plaintiffs *may* submit affidavits and deposition transcripts along with the factual allegations contained in the verified complaint." *Id.* (emphasis added). Thus submission of affidavits and other documentation, while permitted, is not actually required. Attorney Ronald Krist has verified that the facts set forth in Plaintiffs' Motion are true, and the Court regards these purported facts as within the record for purposes of deciding the propriety of remanding this action to state court.

■ The second technical argument Defendants make is that Defendants failed to plead alter ego in their Original Complaint. Because subject matter jurisdiction is determined on the state of the record at the time of removal, Defendants contend that Plaintiffs cannot now defeat jurisdiction with a belated assertion of an alter ego theory.

"The key to determining whether a cause of action has been pleaded is whether there are sufficient allegations to give fair notice of the claim, not whether certain magic words are used in certain portions of the petition." *Daniels v. Allen*, 811 S.W.2d 278, 280 (Tex.App.—Tyler 1991, no writ). The Court concludes that Plaintiffs have satisfied this liberal pleading standard. Consequently, Plaintiffs' alter ego theory of liability was well pled at the time of removal.

Plaintiffs' Original Petition alleges that St. Paul sold Zachry one of the insurance policies in question. Since St. Paul printed its name and address on the front page of this policy, and admits to having actually mailed the policy to Zachry, St. Paul was fairly put on notice of their liability as either the actual seller of the policy or as the alter ego of that seller.

In three paragraphs of Plaintiffs' Original Petition, Plaintiffs allege that AIGTS had "control" over the coverage decisions of National Union. These allegations suffice to put AIGTS on notice that it was alleged to be liable on the National Union policy due to its total control over that policy.

Of course, it may well be that the state court will conclude that Plaintiffs' alter ego theory is unsupported either factually or legally. But this Court must construe all disputed questions of fact in the light most favorable to Plaintiffs, and resolve any ambiguity in state law in favor of Plaintiffs. *See Sid Richardson*, 99 F.3d at 751; *Burden*, 60 F.3d at 216. Having done so, the Court then decides whether Defendants have carried their burden of showing there is "absolutely no possibility" of recovery against them under state law. *Sid Richardson*, 99 F.3d at 751 (quoting *Cavallini*, 44 F.3d at 259). The Court concludes that Defendants have failed to carry this heavy burden, and consequently **GRANTS** Plaintiffs' Motion To Remand.

### III. Conclusion

Neither AIGTS nor St. Paul were fraudulently jointed as Defendants. The presence of either AIGTS or St. Paul as properly joined Defendants destroys diversity jurisdiction. Because diversity jurisdiction does not afford the Court jurisdiction over the subject matter of this action, 28 U.S.C. § 1332(a), it must remand **FOR WANT OF SUBJECT MATTER JURISDICTION** pursuant to 28 U.S.C. § 1447(c). Accordingly, Plaintiffs' Motion To Remand is **GRANTED,** and this case is **REMANDED** to the 149th Judicial District Court of Brazoria County, Texas.

Furthermore, pursuant to the clear language of 28 U.S.C. § 1447(d), this Order of Remand for lack of subject matter jurisdiction is unreviewable, by appeal, mandamus, or otherwise. *See also Things Remembered, Inc. v. Petrarca,* 516 U.S. 124, 127, 116 S.Ct. 494, 496, 133 L.Ed.2d 461 (1995); *Angelides v. Baylor College of Med.,* 117 F.3d 833, 835 (5th Cir.1997); *Linton v. Airbus Industrie,* 30 F.3d 592, 600 (5th Cir.1994); *Tillman v. CSX Transp., Inc.,* 929 F.2d 1023, 1024, 1027 (5th Cir.1991). The parties are **ORDERED** to file no further pleadings on these issues in this Court, including motions to reconsider or the like. *Any* and *all* further relief shall be sought from the appropriate Texas state court. The parties are also **ORDERED** to bear their own taxable costs and expenses incurred herein to date.

**IT IS SO ORDERED.**