UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-30963
Summary Calendar

_____


ARLENE GOULAS; RUSSELL J. GOULAS, JR., Individually and on behalf of Blake Goulas,

Plaintiffs-Appellees,

v.

DENBURY MANAGEMENT, INC., et al.

Defendants,

DENBURY MANAGEMENT, INC.

Defendant-Appellant.

_____

On Appeal from the United States District Court,
Western District of Louisiana
USDC No. 01-CV-710

_____

April 15, 2002

Before REYNALDO G. GARZA, JOLLY, and WIENER, Circuit Judges

REYNALDO G. GARZA, Circuit Judge:[1]


I.

_____

[1]Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

Russell Goulas filed a Jones Act complaint against Denbury Management and others in Louisiana state court on April 23, 1999, alleging that he suffered a back injury while employed on Denbury's vessel, the M/V CRAWFISH. Denbury's answer asserted a limitation-of-liability defense under 46 U.S.C. § 183. Denbury did not file a federal petition for limitation of liability. When Goulas responded to requests for admissions in a manner indicating that he contested the limitation-of-liability defense, Denbury removed the action to federal court.

Goulas submitted a motion to remand the case to state court that was granted by the district court. The court stated that it lacked jurisdiction because a defense of limitation of liability does "not provide the federal court with jurisdiction to hear the shipowner's limitation claim." *See* R. 251 (quoting *Vatican Shrimp Co., Inc. v. Solis*, 820 F.2d 674, 677 (5th Cir. 1987)). The court noted as well that a limitation-of-liability proceeding under 46 U.S.C. § 185 would be untimely as more than six months had passed since Denbury received written notice of Goulas's claim. Denbury appealed.

II.

A vessel owner can "restrict its liability, resulting from any occurrence for which the vessel is liable, to the value of the vessel and its impending freight." *Vatican Shrimp*, 820 F.2d at 677; 46 U.S.C. § 183. This limitation of liability can arise from either 46 U.S.C. § 185, which permits an owner to file a petition in federal court seeking to limit liability, or an owner may plead limitation as an affirmative defense. *See Vatican*, 820 F.2d at 677-78. If an owner opts for the former route, the § 185 petition must be filed in federal court within six months of written notice of the claim. If, however, an owner is sued in state court and does not file a § 185 petition in

2

federal court within six months of receiving written notice of the claim, the owner forfeits the right to limit liability should the claimant contest the limitation defense. *See id*. at 678. The driving rationale is that merely filing in state court an answer in which limitation is pled in no way provides a federal court with jurisdiction to act. *See id*.

Remand of a case followed by removal is governed by 28 U.S.C. § 1447(c).[2] Under 28 U.S.C. § 1443, remand orders made pursuant to § 1447(c) remand orders "are not reviewable on appeal, by mandamus, or otherwise, except in civil rights cases." *Tillman v. CSX Transp., Inc.*, 929 F.2d 1023, 1026 (5th Cir. 1991). Restrictions on review of a remand order apply only to remands based on a ground specified in § 1447(c). *See Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 127-28 (1996); *McDermott Int'l, Inc., v. Lloyds Underwriters of London*, 944 F.2d 1199, 1201 (5th Cir. 1991). The district court need not explicitly state that it is remanding the case pursuant to § 1447(c); it need only utter the "magic words" that it believes it "lacks subject matter jurisdiction" for the remand to be "totally unreviewable." *Tillman*, 92 F.2d at 1026-27. Because the district court's remand order explicitly stated that it "lacks jurisdiction to hear [Denbury's] remand action," the remand is not reviewable by way of appeal or writ of mandamus. *Id*.

## III.

Denbury next asserts that the lower court's ruling is an appealable collateral order. If an issue underlying a remand order has "independent relevance in adjudging the rights of the parties

---

[2] Section 1447(c) states that a "motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. . . ." 28 U.S.C. § 1447(c).

3

(i.e., relevance beyond determining the existence of federal subject matter jurisdiction), the decision is separable" and may be reviewed "even if it also happens to have an incidental effect on the court's jurisdiction." *Doleac ex rel. Doleac v. Michalson*, 264 F.3d 470, 486 (5th Cir. 2001). The issue must precede the remand "in logic and in fact," and the ruling must be "conclusive" in that it is functionally unreviewable by the state court. *Linton v. Airbus Industrie*, 30 F.3d 592, 597 (5th Cir. 1994).

Once a court determines that an issue is separable, it must then decide whether it is reviewable under the collateral orders doctrine. *See Doleac*, 264 F.3d at 489-91. To be reviewable, "the order must conclusively determine the disputed question, resolve an important issue completely separate from the merits of the action, and be effectively unreviewable on appeal from a final judgment." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468 (1978); *Doleac*, 264 F.3d at 490. Denbury's arguments address only the separability prong. *See* Appellant's Brief, at 8-15.

Denbury argues that the district court found the § 183 limitation defense to be subject to the same six-month time limitation as is a § 185 petition. While the district court did mention the six-month time limit, it did so only in reference to the unavailability of a § 185 petition. As Denbury had not attempted to file a limitation-of-liability petition under § 185, this statement was incidental.

The district court's remand was based explicitly on *Vatican Shrimp*'s holding that a defensive § 183 pleading does not make a case removable because it provides no basis for federal jurisdiction. Denbury can identify no order that is separable and reviewable under the collateral order doctrine.

4

DISMISSED.