UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-60104
Cons/w  00-60531
_____


D. EUGENE ARNOLD, on behalf of himself and all other residents of
the State of Mississippi who own dwellings, and who are otherwise
similarly situated, in Jackson, Harrison and/or Hancock Counties,
Mississippi, BOBBY E. VINING; DANIEL B. STORY,

                                    Plaintiffs-Appellees,

                        versus

STATE FARM FIRE AND CASUALTY COMPANY; ALLSTATE INSURANCE COMPANY,

                                    Defendants-Appellants.


_____

          Appeals from the United States District Court
              for the Southern District of Mississippi
_____

                     December 28, 2001

Before JONES, DeMOSS, and BENAVIDES, Circuit Judges.

EDITH H. JONES, Circuit Judge:

        As its courts have become a mecca for plaintiffs' claims

against out-of-state businesses, Mississippi is affording numerous

opportunities for federal courts to explore questions of removal

jurisdiction and remand.  In this diversity case, the district

court remanded a putative class action removed from the state court

after making three decisions: (a) it implicitly ignored the

remaining claims of one named plaintiff who had settled with his

insurer; (b) it disregarded class action allegations because Mississippi courts currently do not authorize class action joinder; and (c) it held that the remaining two named plaintiffs' claims fell below the minimum federal jurisdictional amount. Whether the remand order or any of these specific decisions is reviewable by appeal or mandamus is the question before us. We conclude that we must dismiss the appeal.

### BACKGROUND

Plaintiffs Arnold, Vining and Story filed a purported class action suit in Jackson County, Mississippi, court to complain of a two-percent hurricane deductible imposed by their three insurance carriers on damage claims following Hurricane Georges. Although Mississippi procedure does not currently recognize class actions, the plaintiffs' counsel meticulously pled the prerequisites of a federal class action, hoping to persuade state courts to innovate in this case. Because there are thousands of similarly situated homeowners, the allegations foreshadowed an aggregation of punitive damages greatly in excess of the federal jurisdictional minimum[1] and would ordinarily have sufficed to justify the insurers' removal of the case to federal court.

But the federal district court did not respond warmly to removal. With the barest discussion, he held that the plaintiffs' claims encompassed only two named individuals and a few thousand

---

[1] Allen v. R&H Oil & Gas Co., 63 F.3d 1326 (5th Cir. 1995).

dollars in potential damages.  He remanded the case to state court and then refused to entertain a motion to reconsider, because the remand order had been prematurely certified to the state court through an oversight of the clerk's office.  See Browning v. Navaro, 743 F.2d 1069, 1078-79 (5th Cir. 1984).

### DISCUSSION

In their appeal or alternative petition for mandamus, State Farm and Allstate confront Congress's intent to limit appeals of remand orders.  28 U.S.C. § 1447(d) precludes appellate review of a remand order premised on lack of jurisdiction[2] -- but that is precisely the kind of order that the district court issued here. Each of his decisions dissecting the plaintiffs' complaint was made in order to determine jurisdiction.  No appeal lies from a remand ruling, no matter how erroneous, which is actually predicated on lack of federal subject matter jurisdiction.

That there were errors here is unfortunately too clear. The district court failed to consider the claim of plaintiff Story for purposes of tallying a jurisdictional amount.  Even though Story had settled with his insurer USF&G, which had been dismissed before removal, Story remained a named plaintiff in a complaint

---

[2]In Thermtron Prods., Inc. v. Hermansdorfer, 423 U.S. 336, 96 S.Ct. 584 (1976), the Supreme Court emphasized the unavailability of appeals where the remand order is footed on lack of federal jurisdiction, even as it carved out an exception allowing appeals where the order falls outside § 1447(c).  See also Things Remembered, Inc. v. Petrarca, 516 U.S. 124, 127-28, 116 S.Ct. 494, 496-97 (1995).

3

that charged conspiracy among the companies and with the State Commissioner of Insurance. The technical possibility thus remained that Story could assert damages against defendant insurers with whom he had no contract. Some estimate of such damages should have been made. This oversight of the district court was minor, and it amounts to no more than a miscalculation pertinent to jurisdictional amount. This part of the remand order cannot be reviewed on appeal or otherwise.

The district court also probably erred in attributing extremely small amounts of punitive damages to the claims of Arnold and Vining, and he appears to have erred in adding up their claims and finding that they did not satisfy the $75,000 federal threshold.[3] But again, mathematical errors in assessing

---

[3]The judge calculated compensatory damages of $10,402 for Arnold and $1,082 for Vining arising solely from the hurricane deductible. He ignored damages for the tortious actions claimed by these plaintiffs. He applied a very conservative ratio of 6:1 for any punitive damage award. Contrary to the court's math, the total actual and punitive damages so estimated exceed $75,000. Based on other Mississippi awards, it is highly unlikely that the plaintiffs will be content with seeking a 6:1 ratio. See, e.g., State Farm Mut. Auto Ins. Co. v. Grimes, 722 So.2d 636 (Miss. 1998) ($1.25 million in punitive damages awarded on $1,900 actual damages).

The district court fortified his ruling with reliance on post-removal affidavits by Arnold and Vining that limit their joint claims to less than $75,000. We agree with the judge's view that the affidavits preclude Arnold and Vining from seeking damages in excess of that amount in state courts either as a judicial admission, judicial estoppel or a matter of preclusion. See Bogle v. Phillips Petroleum Co., 24 F.3d 758, 762 (5th Cir. 1994). Compare Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 585-86, 119 S.Ct. 1563, 1570-71 (1999) (Supreme Court suggests in dictum that certain federal court jurisdiction decisions may be binding on parties on remand as a matter of issue preclusion. For present purposes, we assume arguendo that Arnold's and Vining's post-

jurisdictional amount do not confer appellate authority on this court.

Most critically, the court erred in disregarding the class action allegations.  This error poses a far more serious possibility of appellate review, because it is a decision logically antecedent to the question of remand that involves the joinder of parties.

A recent decision of this court carefully summarizes our profuse caselaw on the reviewability of district court decisions associated with remand orders.  Doleac ex rel. Doleac v. Michalson, 264 F.3d 470 (5th Cir. 2001).  Like its predecessors, Doleac finds the original test for appellate jurisdiction in City of Waco v. United States Fid. & Guar. Co., 293 U.S. 140, 143, 55 S.Ct. 6, 7 (1934).  City of Waco explained that while a remand order cannot be reviewed on appeal, certain separable orders that (1) logically precede the remand and (2) are conclusive, in the sense of being functionally unreviewable in state courts, can be reviewed.  293 U.S. at 143, 55 S.Ct. at 7.  Such orders must, however, also be independently reviewable by means of devices like the collateral order doctrine.  Doleac, 264 F.3d at 478.

Here, there is no question that the disregarding of class action allegations, which amounted to a refusal to acknowledge the

removal affidavits merely "clarified" their claims at the date of filing and did not impermissibly attempt to reduce those claims solely to compel remand.  DeAguilar v. Boeing Co., 47 F.3d 1404 (5th Cir. 1993).

potential joinder of additional parties, preceded the remand in logic and in fact. Whether that decision was "conclusive" for City of Waco purposes might be uncertain based on the analysis in Doleac. In that case, the district court allowed an amendment joining a non-diverse defendant after considering factors, peculiar to federal court procedure, that would affect the propriety of such a jurisdiction-divesting order. Doleac pointed out the various difficulties, case-specific difficulties that we need not recount, attendant on finding the order "conclusive." But as in Doleac, the "conclusiveness" of the lower court's decision concerning the amenability of this case to Rule 23 class action treatment is dubious, because the decision affects only the forum in which the case will be heard; the district court's opinion on either federal or Mississippi class action practice cannot affect Mississippi courts. "Thus, [w]hile the conclusiveness of the [decision to disregard class action allegations] suggests a substantive decision, the lack of preclusiveness suggests a jurisdictional decision." Doleac, 264 F.3d at 470. Doleac used the terminology advanced in previous Fifth Circuit cases -- "jurisdictional" decisions are not "conclusive," while "substantive" decisions are. See, e.g., Linton v. Airbus Industrie, 30 F.3d 592 (5th Cir. 1994), cert. denied, 513 U.S. 1044, 115 S.Ct. 639 (1994). Notwithstanding such uncertainties, Doleac ultimately held us bound by an earlier precedent stating that a decision on joinder of a party is separable for City of Waco purposes. See Doleac, 264 F.3d at 489,

6

relying on <u>Tillman v. CSX Transportation, Inc.</u>, 929 F.2d 1023 (5th Cir. 1991). Following <u>Doleac</u>, we must conclude that the district court's refusal to recognize a class action is separable from the remand order.

The next step of the analysis considers whether the district court's class action decision, though not a final order under 28 U.S.C. § 1291, is independently reviewable under the collateral order doctrine. <u>See</u> <u>Doleac</u>, 264 F.3d at 489; <u>Mitchell v. Carlson</u>, 896 F.2d 128, 133 (5th Cir. 1990). An appealable collateral order is an order that conclusively resolves an issue separate from the merits of the controversy, is effectively unreviewable on appeal from final judgment, and is too important to be denied review. <u>Quackenbush v. Allstate Insurance Co.</u>, 517 U.S. 706, 712, 116 S.Ct. 1712, 1718 (1996). The precise order we are considering held that because Mississippi does not currently allow class actions, a diversity suit removed from Mississippi court but alleging a class action under Fed. R. Civ. P. 23 could not be entertained as a federal court class action. The district court's decision on this purely legal issue is both final and separate from the merits of the lawsuit. Further, because the court determined that the case would not be heard as a federal class action, the decision radically affected the nature of the suit as well as the forum in which it would be litigated. Such an order would ordinarily seem too important to be denied interlocutory review, not in the least because it represents a fundamental

7

misunderstanding by the district court of the principles that the Erie doctrine is limited to matters of state substantive law and that cases removed to federal court are governed solely by federal procedure. See Hanna v. Plumer, 380 U.S. 460, 465, 85 S.Ct. 1136, 1141 (1965); Willy v. Coastal Corp., 503 U.S. 131, 134-35, 112 S.Ct. 1076, 1079 (1992); Resolution Trust Corp. v. Northpark Joint Venture, 958 F.2d 1313, 1316 (5th Cir. 1992).

The sticking point in collateral order analysis is whether the district court's order is effectively unreviewable. Were it not for the remand, the decision to disregard the class allegations would clearly be reviewable along with a final judgment. It is effectively unreviewable, however, not just because of the remand, but because the issue will be irrelevant in state court. This is troubling, but not enough to propel the district court's decision into the narrow class of appealable collateral orders. First, whether for good or ill, federal courts have not previously been predisposed to expedite appellate review of class action certifications or denials. See generally 7B Wright, Miller & Kane, Federal Practice & Procedure § 1802 (1986). Even after the 1998 amendment of Rule 23 facilitated interlocutory appeal of class action orders, that avenue is hedged by a strict timetable and considerable appellate court discretion. See Fed. R. Civ. P. 23(f). More important, engaging in appellate review of the district court's joinder decision would lead to an impermissible advisory opinion, for under City of Waco, our decision cannot

reverse the remand order, which in any event has no effect, preclusive or otherwise, on the ongoing state litigation.

Thus, while the district court's decision disregarding the plaintiffs' class action allegations is separable under <u>City of Waco</u>, it does not qualify as a reviewable collateral order. We return to the nostrum originally invoked concerning appellate jurisdiction over remand orders -- where the court's order is premised on lack of federal subject matter jurisdiction, even though it be wrong, it is not reviewable "by appeal or otherwise." 28 U.S.C. § 1447(d). Because neither the remand order nor the separable decision concerning the class action is reviewable, this court lacks jurisdiction and must dismiss the appeal.

Appeal <u>DISMISSED</u>; mandamus <u>DENIED</u>.