IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-60714

_____

In re:  BENJAMIN MOORE & CO.,
wholly-owned subsidiary of
Berkshire Hathaway Inc., et al.,

Petitioners.

*********************************************

DANNY BORDEN, et al.,

Plaintiffs - Respondents.

_____

Petition for Writ of Mandamus to
the United States District Court
for the Southern District of Mississippi

_____

December 18, 2002

Before JOLLY, JONES, and EMILIO M. GARZA, Circuit Judges.

E. GRADY JOLLY, Circuit Judge:

Seventeen plaintiffs, all Mississippi residents, filed suit against diverse paint manufacturers and distributors, as well as 33 Mississippi retail establishments, asserting product liability claims for alleged exposure to paint that contained lead.  The diverse manufacturers and distributors removed the case to federal court, claiming that the Mississippi retail establishments were fraudulently joined as defendants.  The plaintiffs moved to remand.

1

In opposition to the motion to remand, the removing defendants asserted, in a footnote, that the plaintiffs were fraudulently misjoined. They pointed out that the plaintiffs' claims did not arise out of the same transaction or occurrence, nor the same series of transactions or occurrences. In support, they cited Tapscott v. MS Dealer Serv. Corp., 77 F.3d 1353, 1360 (11th Cir. 1996), abrogated on other grounds, Cohen v. Office Depot, Inc., 204 F.3d 1069 (11th Cir. 2000). In Tapscott, one group of plaintiffs sued a group of non-diverse defendants in state court for fraud arising from the sale of automobile service contracts. 77 F.3d at 1355, 1359-60. In the same lawsuit, another group of plaintiffs sued an entirely separate group of diverse defendants for fraud arising from the sale of service contracts covering retail products. Id. The Eleventh Circuit affirmed the district court's denial of the plaintiffs' motion to remand, stating that the plaintiffs' misjoinder of the two groups of unrelated defendants was "so egregious as to constitute fraudulent joinder." Id. at 1360.

The district court in this case granted the motion to remand (unlike the district court in Tapscott, which denied remand). The removing defendants moved for reconsideration, arguing that the fraudulent misjoinder of the plaintiffs constituted fraudulent joinder under the federal removal statute. They requested that the district court reconsider its remand order, sever the claims of the

2

seventeen plaintiffs, and remand only the claims of those four plaintiffs whose testimony indicated that they had a possibility of recovery against the non-diverse defendants.

The district court denied the motion for reconsideration, holding that the defendants failed to establish any of the grounds for granting a motion for reconsideration under Federal Rule of Civil Procedure 59(e): (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or prevent manifest injustice.

The removing defendants filed a petition for writ of mandamus on August 30, 2002. The defendants argued that the district court's failure to consider misjoinder of plaintiffs before determining whether diversity jurisdiction existed deprived them of their right to a federal forum. They asked us to vacate the remand order, remand the case to the district court, and require the district court to assess the misjoinder of plaintiffs before determining whether it had diversity jurisdiction. According to the defendants, only four of the seventeen plaintiffs have any possibility of recovery against the non-diverse defendants; therefore, the other thirteen plaintiffs' claims should be severed and the district court should retain jurisdiction over their claims.

The removing defendants moved for leave to file an amended petition for writ of mandamus on September 9, to address the district court's amended order entered on September 3. In that September 3 order, the district court amended its order denying the defendants' motion for reconsideration. The district court noted that the fraudulent misjoinder argument "was not made by defendants in their notice of removal or response to the motion for remand," and stated that it was inappropriate for the defendants to advance new arguments in a motion for reconsideration.

We denied the petition for writ of mandamus without prejudice, stating:

> Petitioners' motion is framed around the district court's failure to address whether diversity jurisdiction was fraudulently defeated because among the seventeen plaintiffs herein, who have nothing in common with each other, only four have asserted claims that relate in any way to the nondiverse defendants. It may thus be contended that the other thirteen did raise claims cognizable in diversity jurisdiction. See Tapscott .... Further, it might be concluded that misjoinder of plaintiffs should not be allowed to defeat diversity jurisdiction. See Tapscott id. (holding misjoinder may be as fraudulent as the joinder of a resident against whom a plaintiff has no possibility of a cause of action). The district court no doubt inadvertently overlooked that this point was timely raised, but the point cannot be ignored, since it goes to the court's jurisdiction and to the defendants' rights to establish federal jurisdiction following removal. Because we are confident that the able district court did not intend to overlook a feature critical to

4

> jurisdictional analysis, there is no reason to grant mandamus relief at this time.

In Re Benajmin Moore & Co., 309 F.3d 296 (5th Cir. 2002).

On October 14, the district court issued another opinion to clarify its treatment of the defendants' fraudulent misjoinder allegations. The district court stated that it "was aware of the defendants' argument, duly considered it, and found it to be without merit." The district court explained that it did not address the argument in its initial opinion because the defendants presented the claim "as a bare, conclusory allegation" without any argument or evidentiary support. The district court stated that the new arguments advanced in the defendants' motion for reconsideration should have been offered earlier.

On October 30, the defendants filed a second Petition for Writ of Mandamus. They request that we order the district court to: (1) address the joinder of plaintiffs; (2) sever the plaintiffs who are clearly improperly joined; and (3) retain jurisdiction where the remaining plaintiffs have complete diversity with defendants.

On November 12, 2002, the district court issued a memorandum order denying the defendants' Joint Motion to Recall Remand Order and Joint Motion for Reconsideration. In that opinion and order, the district court stated, once again, that it had considered and rejected the defendants' fraudulent misjoinder argument.

We first must determine whether we have jurisdiction to consider the defendants' requests for relief. Congress has limited

our jurisdiction to review remand orders issued pursuant to 28 U.S.C. § 1447(c) (requiring remand if district court lacks subject matter jurisdiction): Except in civil rights cases, "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise." 28 U.S.C. § 1447(d). The defendants maintain that § 1447(d) does not apply, and that we have jurisdiction to address the issue of misjoinder by way of mandamus because joinder determinations "preced[e] the remand in logic and in fact." Arnold v. State Farm Fire & Casualty Co., 277 F.3d 772, 776 (5th Cir. 2001); Doleac v. Michalson, 264 F.3d 470, 489 (5th Cir. 2001); Tillman v. CSX Transp., Inc., 929 F.2d 1023, 1026-29 (5th Cir. 1991). The plaintiffs contend, however, that we do not have jurisdiction to review either the remand order or the district court's rejection of the misjoinder claim. The plaintiffs maintain that resolution of joinder issues is inappropriate unless and until the court determines that it has jurisdiction, and that the defendants' arguments about the propriety of joinder should be addressed in state court under state joinder rules.

As we have stated earlier, the defendants seek mandamus to order the district court to take three actions: (1) address the joinder of plaintiffs; (2) sever the plaintiffs who are clearly improperly joined; and (3) retain jurisdiction where the remaining plaintiffs have complete diversity with defendants. The defendants' first request is moot, because the district court's

6

orders make clear that it considered, but rejected, the defendants'
argument that the plaintiffs are fraudulently misjoined.[*]  As we
shall explain, under our precedent, we do not have jurisdiction to
grant the remaining relief requested by the defendants.  Thus,
without detracting from the force of the Tapscott principle that
fraudulent misjoinder of plaintiffs is no more permissible than
fraudulent misjoinder of defendants to circumvent diversity
jurisdiction, we do not reach its application in this case.

Although the defendants are correct that our court has held
that joinder decisions are separable from a decision to remand a
case for lack of subject matter jurisdiction, Doleac and Arnold
hold that more is required for the court to review the joinder
decision.  In addition to logically preceding the remand, a
separable order also must be "conclusive, in the sense of being
functionally unreviewable in state court."  Arnold, 277 F.3d at
776.  Moreover, the order must "also be independently reviewable by

---

[*]Perhaps the district court would have taken a more favorable
view of the defendants' argument had it been raised earlier (either
in the removal papers, in a motion to sever, or in the defendants'
initial response to the motion to remand), and had it been
supported by evidence.  Instead, as the district court observed,
the defendants mentioned the issue only in a footnote in their
opposition to the motion to remand.  They did not present any
supporting arguments or evidence until they moved for
reconsideration after the district court had already remanded the
case.  Although the point goes to the court's jurisdiction, as well
as to the defendants' right to a federal forum, the point cannot be
sustained simply on the basis of conclusory allegations unsupported
by any evidence or argument.

7

means of devices like the collateral order doctrine." Id.; see also Doleac, 264 F.3d at 478.

Doleac involved a remand following the district court's decision to allow an amendment adding a nondiverse defendant. Our court held that the district court's decision to allow the amendment was separable from the remand, but dismissed the appeal because the decision allowing the amendment did not satisfy the collateral order doctrine. In their original petition for writ of mandamus, the defendants argued that Doleac does not bar review of the district court's joinder decision because, unlike the defendant in Doleac, they are pursuing mandamus relief. In their reply to the plaintiffs' response to the renewed petition for writ of mandamus, the defendants state, without citation of authority, that the collateral order rule does not apply to writs of mandamus. In Arnold, however, our court dismissed the appeal and denied mandamus relief because the district court's decision to disregard class action allegations, although separable from the decision to remand for lack of subject matter jurisdiction, was not a reviewable collateral order. 277 F.3d at 777. The court observed further that "engaging in appellate review of the district court's joinder decision would lead to an impermissible advisory opinion, for ... our decision cannot reverse the remand order, which in any event has no effect, preclusive or otherwise, on the ongoing state litigation."

8

Under <u>Doleac</u> and <u>Arnold</u>, we do not have jurisdiction to review the district court's decision regarding misjoinder.  Although that decision is separable from, and logically precedes, the remand, it is not conclusive, because the state court can consider misjoinder of the plaintiffs on remand.  Moreover, the decision is not independently reviewable under the collateral order doctrine.  In sum, under <u>Doleac</u> and <u>Arnold</u>, the district court's decision on misjoinder, like its decision to remand the case to state court, is not reviewable "by appeal or otherwise."  28 U.S.C. § 1447(d); <u>Arnold</u>, 277 F.3d at 777.  Accordingly, the petition for writ of mandamus is

D E N I E D.