# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 18, 2011

No. 11-10373
Summary Calendar

Lyle W. Cayce
Clerk

RICHARD A. ARRIETA; ROGER JOHNSON,

Plaintiffs–Appellants

v.

LOCAL 745 OF THE INTERNATIONAL BROTHERHOOD OF
TEAMSTERS, Jointly and Severally; INTERNATIONAL BROTHERHOOD
OF TEAMSTERS, Jointly and Severally,

Defendants–Appellees

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:08-CV-1722

---

Before REAVLEY, SMITH, and PRADO, Circuit Judges.

PER CURIAM:[*]

This case involves a claim that Local 745 of the International Brotherhood of Teamsters ("Local 745") and the International Brotherhood of Teamsters ("IBT"), collectively, the Appellees or the "Union," contributed to the hostile work environment at Yellow Transportation, where Appellants Richard Arrietta and Roger Johnson worked. Because we find that Local 745 met its initial burden

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-10373

on summary judgment and the district court did not abuse its discretion in denying Appellants' motion to alter or amend the judgment, we AFFIRM the district court's grants of summary judgment to Local 745 and IBT, respectively, and its denial of Appellants' motion to alter or amend the judgment.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

Arrietta and Johnson were employees of Yellow Transportation in Dallas, Texas.  Both Arrietta and Johnson were members of IBT and were represented locally by Local 745.  Local 745 had been receiving reports of a racially hostile work environment at Yellow Transportation since as early as 2001. A fellow employee of Arrietta and Johnson, Fred Brooks, wrote a letter to IBT about these conditions in September 2004 and requested that the Union investigate. IBT forwarded that complaint along to Local 745 for follow-up.  In response to Brooks's letter, Local 745 hired an independent investigator, Ruben Amendariz, to look into the complaints that Brooks had sent to IBT.

Amendariz tried to gather further details regarding the conditions about which Brooks complained, but neither Brooks nor the Appellants cooperated with Amendariz's investigation.  Brooks finally did respond to some written questions from Amendariz, but there was little detail or substance to the answers.  At no point did Brooks or the Appellants request the filing of a grievance or any other legal process.  Amendariz concluded his investigation by sending a report to Local 745 that found Brooks's claims unsubstantiated in part due to a lack of cooperation from Brooks and the Appellants.  As a result, Local 745 decided to take no further action on Brooks's letter.

Appellants, along with other Yellow Transportation employees, filed a lawsuit against Yellow Transportation for discrimination.  Following a verdict for Johnson in that suit, Appellants and other non-parties to this appeal filed a lawsuit under § 1981 against the Appellees, claiming a hostile work environment.  The district court granted summary judgment to the Appellees.

2

No. 11-10373

Arrietta and Johnson then sought to alter or amend the judgment, but the district court denied that motion as well.  Arrietta and Johnson appealed both of those decisions.

## II.  STANDARDS OF REVIEW

We review a district court's grant of summary judgment de novo, applying the same standards as the district court.  *Hernandez v. Yellow Transp., Inc.*, 641 F.3d 118, 124 (5th Cir. 2011).  Summary judgment is appropriate where the movant shows that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law.  *Id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); Fed. R. Civ. P. 56(a)).  If the movant "meets the initial burden of demonstrating that there exists no genuine issue of material fact," then absent rebutting evidence by the non-movant, summary judgment should be granted.  *Id.* (citing *Celotex Corp. v. Catrett*, 477 U.S. 317[, 322] (1986)).  In making the summary judgment determination, all inferences are drawn in favor of the non-movant.  *Id.*

The district court may grant a motion to alter or amend the judgment under Rule 59(e) where there is "(1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or prevent manifest injustice."  *See In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cr. 2002).  We review a district court's denial of a Rule 59(e) motion for abuse of discretion.  *Johnson v. Diversicare Afton Oaks, LLC*, 597 F.3d 673, 677 (5th Cir. 2010).  Moreover, we have described a Rule 59(e) motion as an "extraordinary remedy that should be used sparingly."  *Templet v. HydroChem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004).

## III.  DISCUSSION

### A.    Claims Against IBT

Appellants claim to raise error as to IBT, but their "Statement of Issues" does not address any conduct of IBT.  Moreover, nowhere in their brief do they

3

contend that summary judgment for IBT was improperly granted. Therefore, no claims against IBT have been properly presented to this court. Fed. R. App. P. 28(a)(9)(A); *Quick Techs., Inc. v. Sage Group PLC*, 313 F.3d 338, 343 n.3 (5th Cir. 2002) ("[An] argument . . . not listed in the 'Statement of Issues Presented for Appeal' nor addressed in the body of the brief . . . is deemed waived.").

## B.    Summary Judgment

Appellants assert error based on Local 745's failure to meet its initial burden on summary judgment to show that there were no disputed issues of material fact. Appellants cite to *Ashe v. Corley*, where we said, "It is not enough for the moving party to merely make a conclusory statement that the other party has no evidence to prove his case." 992 F.2d 540, 543 (5th Cir. 1993); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 328 (1986) (White, J., concurring) ("It is not enough to move for summary judgment without supporting the motion in any way or with a conclusory assertion that the plaintiff has no evidence to prove his case."). Appellants claim that Local 745's brief in support of summary judgment only made such conclusory statements, and therefore, summary judgment should not have been granted. We have also said that the summary judgment movant may discharge her initial burden by "pointing out the absence of evidence supporting the nonmoving party's case." *Duffy v. Leading Edge Prods.*, 44 F.3d 308, 312 (5th Cir. 1995) (internal quotation marks omitted).

Although Local 745's brief does not point specifically to portions of the summary judgment record that show that Appellants could not make out their prima facie case at trial, there are instances where Local 745 notes the lack of evidence underlying Appellants' case. Local 745, in its brief in support of summary judgment, states that there was "no dispute" that it "did not participate in the creation of the alleged hostile work environment" and that there are "no allegations that any of the [Appellants] ever complained to Local 745 about the alleged hostile work environment." These were sufficient to

No. 11-10373

discharge Local 745's burden under our caselaw. *See, e.g.*, *Russ v. Int'l Paper Co.*, 943 F.2d 589, 592 (5th Cir. 1991).

**C.    Motion to Alter or Amend**

Appellants filed a Rule 59(e) motion wherein they sought to supplement the summary judgment record with deposition testimonies of Arrietta and Taylor that were not previously in the summary judgment record. Appellants wanted to enter this evidence to show that the Union refused to file a grievance alleging racial discrimination on Arrietta's behalf. The district court denied the motion because the Arrietta and Taylor deposition testimonies were available to the Appellants at the summary judgment phase but just went unintroduced. Therefore, the district court concluded that they were not "new evidence" under *Benjamin Moore* such that a Rule 59(e) motion would be appropriate. All of this is true, and therefore, we cannot say that the district court abused its discretion in denying the Appellants' Rule 59(e) motion.

## IV.  CONCLUSION

For the foregoing reasons, we AFFIRM the district court's grant of summary judgment to the Appellees and its denial of Appellants' Rule 59(e) motion.

AFFIRMED.