# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-50938
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
April 23, 2015

Lyle W. Cayce
Clerk

WILLIAM FARQUHAR,

      Plaintiff - Appellant

v.

ALAN STEEN, in his former position as Administrator; JAMES DEBROW,
in his former position as Acting Captain of the Houston District; MARC
DECATUR; TEXAS ALCOHOLIC BEVERAGE COMMISSION,

      Defendants - Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:12-CV-1042

Before REAVLEY, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

This employment dispute arises out of Plaintiff-Appellant William
Farquhar's claim of discrimination and retaliation at the hands of his former
employer, Defendant-Appellee Texas Alcoholic Beverage Commission
("TABC"), and several of its employees.  The district court dismissed some of

---

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 14-50938

Farquhar's claims and ultimately granted summary judgment for Defendants-Appellees as to his remaining claims. The court then denied Farquhar's subsequent motion for reconsideration and Farquhar timely appealed the denial of that motion, as well as the district court's dismissals and summary judgments of Farquhar's claims. For the reasons described below, we AFFIRM the district court.

## BACKGROUND

Farquhar worked as an agent of TABC between 1975 and 2001, and again between 2003 and 2013. As a TABC agent, his duties included the enforcement of Texas laws regulating the sale, taxation, importation, manufacture, and transportation of alcoholic beverages. Farquhar alleges that after a change in the leadership of TABC in 2004, his superiors implemented an unwritten policy to get rid of the agents who were part of the "old guard" or "old cowboys."

In March 2010, one of Farquhar's supervisors, Defendant-Appellee Marc Decatur, issued a performance tracking memorandum (called an "HR-5"[1]) for Farquhar, indicating that he had much lower productivity statistics than most of his fellow agents and admonishing him to improve his performance immediately. Farquhar showed some improvement after receiving the HR-5.

In October 2010, Farquhar received a second HR-5, this time for allegedly using an offensive term while speaking with another agency employee. Specifically, Farquhar—who is Caucasian—had allegedly used the phrase "you people" during a discussion with an African-American colleague. When confronted by Decatur and Defendant-Appellee James Debrow, Farquhar denied having used the term "you people" or having said anything

---

[1] TABC supervisors use the HR-5 to document performance counseling, warnings, positive performance, or to recommend adverse action.

else that could reasonably have been perceived as offensive. He refused to apologize or to admit in writing that he had used the phrase.

In November 2010, Farquhar filed complaints with the Human Resources Director of TABC and with TABC's Office of Professional Responsibility, arguing that he should not have received an HR-5 regarding the offensive-remark incident, as he had not done anything wrong. Neither the Human Resources Director nor the Director of the Office of Professional Responsibility found Farquhar's complaints to have merit. Farquhar alleges that after he filed these complaints, Decatur and Debrow asked him if he knew of any other discrimination complaints filed by other TABC employees, but Farquhar refused to tell them anything.

In March 2011, Farquhar received his annual evaluation, which indicated that his performance did not meet expectations, and he was placed on a 90-day performance improvement plan. In April 2011, Farquhar filed a complaint with the Equal Employment Opportunity Commission ("EEOC"), alleging race, sex, and age-based discrimination, as well as retaliation. There is no evidence that anyone at TABC knew about Farquhar's EEOC complaint. In May 2011, Farquhar received a letter stating that his next-step promotion had been disapproved because agency policy disqualified agents with poor recent performance evaluations from being promoted. He filed the instant suit in federal court in November 2012 and resigned from TABC in March 2013.

In his complaint, Farquhar alleged (1) age discrimination under the Age Discrimination in Employment Act of 1967 ("ADEA"); (2) retaliation for engaging in protected activity under the ADEA; (3) race and gender discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII"); (4) retaliation under Title VII; (5) race, gender, and age discrimination and retaliation under Chapter 21 of the Texas Labor Code; and (6) First and Fourteenth Amendment claims under 28 U.S.C. §§ 1981 and 1983. As

No. 14-50938

defendants, Farquhar named TABC itself and two of his former TABC supervisors, James Debrow and Marc Decatur, in their individual capacities.[2]

On May 8, 2013, the district court dismissed the ADEA claims against the individual defendants, the §§ 1981 and 1983 claims against TABC, the § 1983 First Amendment claim against all defendants, and all of the Texas Labor Code claims. On April 15, 2014, after discovery had been conducted, the Defendants-Appellees filed motions for dismissal in part and for summary judgment in part on Farquhar's remaining claims. Farquhar failed to respond to the motions. On June 13, 2014, the district court granted the Defendants-Appellees' motions as unopposed and, alternatively, on the merits. Specifically, the district court dismissed the ADEA claim against TABC, granted summary judgment for the Defendants-Appellees on the Title VII claims, and granted summary judgment for Debrow and Decatur on the §§ 1981 and 1983 claims.

Thereafter, Farquhar filed a *pro se* motion for a new trial pursuant to Federal Rule of Civil Procedure 59(a), stating that he had failed to respond to the Defendants-Appellees' motions because both of his attorneys had simultaneously experienced medical emergencies that prevented them from advocating on his behalf. Interpreting Farquhar's motion as a motion to alter or amend judgment under Rule 59(e), the district court denied relief. Farquhar subsequently filed this appeal challenging the district court's dismissals, summary judgments, and denial of his motion for a new trial.

---

[2] Farquhar's complaint also named a third TABC employee, but that employee was never served with process and has been dismissed from this suit. Farquhar does not challenge that dismissal.

No. 14-50938

## DISCUSSION

### I.

Farquhar's first argument on appeal is that the district court should not have dismissed his First Amendment claim brought under § 1983. We review a district court's grant of motions to dismiss *de novo*. *Withhart v. Otto Candies, L.L.C.*, 431 F.3d 840, 841 (5th Cir. 2005). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A plaintiff meets this requirement by pleading "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

To establish a § 1983 claim for employment retaliation related to speech, a plaintiff-employee must show, *inter alia*, that "he spoke as a citizen on a matter of public concern." *Nixon v. City of Hous.*, 511 F.3d 494, 497 (5th Cir. 2007) (internal citations and quotation marks omitted). "[A] statement by a government employee complaining about nothing beyond treatment under personnel rules raises no greater claim to constitutional protection against retaliatory response than the remarks of a private employee." *Garcetti v. Ceballos*, 547 U.S. 410, 428 (2006). Here, Farquhar alleges that his protected speech was (1) using the phrase "you people" in a nondiscriminatory manner; (2) refusing to state that the phrase is inherently discriminatory or that he used it in an offensive manner; (3) refusing to admit in writing to having used the phrase;[3] and (4) filing a complaint with the Human Resources Department.

---

[3] Farquhar describes his refusal to admit to the offensive remark in writing as a refusal to "falsify government documents."

Since none of Farquhar's alleged speech was on a matter of public concern, the district court properly dismissed his First Amendment claim. *See id.*

## II.

Farquhar next argues that the district court should not have granted summary judgment on his remaining claims—*i.e.*, his Fourteenth Amendment, § 1981, and Texas Labor Code claims. Farquhar does not, however, challenge the district court's grant of summary judgment as to those claims on the merits. Instead, Farquhar contends that the district court was on notice that Farquhar's attorneys were suffering from medical problems and the court should therefore have given his arguments greater latitude. In support of this contention, Farquhar points only to a letter he submitted to the court in April 2013 (a year before the Defendants-Appellees filed the motion for summary judgment at issue), indicating that one of Farquhar's attorneys was being treated for headaches and chest pains. Nothing in the record indicates that the district court should have known Farquhar failed to respond to the Defendants-Appellees' motion for summary judgment because both of Farquhar's lawyers suffered simultaneous medical emergencies. Moreover, the district court gave careful and reasoned consideration to the merits of Farquhar's claims, despite Farquhar's failure to respond to the motion for summary judgment, and Farquhar does not point to any errors in the district court's reasoning. The merits of those arguments are therefore waived. *See Williams v. City of Cleveland, Miss.*, 736 F.3d 684, 686 (5th Cir. 2013) (per curiam). The district court correctly granted summary judgment for the Defendants-Appellees.

## III.

Lastly, Farquhar, represented by new counsel on appeal, argues that the district court erred in denying his Rule 59(e) motion to alter or amend judgment, given that he had been abandoned by his trial counsel after the

No. 14-50938

Defendants-Appellees filed motions for dismissal in part and summary judgment in part on April 15, 2014. Farquhar alternatively contends that the district court should have construed his motion for a new trial as a motion for relief from judgment under Rule 60(b). He claims that his prior attorneys had abandoned him because they both suffered from medical problems when they otherwise would have been preparing responses to the Defendants-Appellees' motions and did not inform Farquhar of their difficulties.

Whether a motion for reconsideration should be analyzed under Rule 59(e) or Rule 60(b) depends on when it was filed. *Tex. A&M Research Found. v. Magna Transp., Inc.*, 338 F.3d 394, 400 (5th Cir. 2003). Since Farquhar filed his Rule 59 motion within the 28-day time limit prescribed by that rule, the district court properly analyzed Farquhar's motion under Rule 59(e). *See id.* A district court's denial of a motion to alter or amend judgment "is reviewed for abuse of discretion and need only be reasonable." *Whelan v. Winchester Prod. Co.*, 319 F.3d 225, 231 (5th Cir. 2003). Relief under Rule 59(e) requires a showing of (1) an intervening change in controlling law; (2) new evidence not previously available; or (3) the need to correct a clear legal error or to prevent manifest injustice. *In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir. 2002). Farquhar has not made the necessary showing.

Farquhar does not suggest that a change in controlling law or new evidence entitle him to relief. Instead, he maintains that denying his Rule 59(e) motion would effect a manifest injustice, as his attorneys were incapacitated when they should have been responding to the Defendants-Appellees' motions for dismissal and summary judgment. The uncontested evidence indicates, however, that one of Farquhar's attorneys called counsel for the Defendants-Appellees more than one month before the district court's summary judgment, asking if they would agree to an extension. If Farquhar's attorneys were well enough to discuss the possibility of an extension with

opposing counsel, it stands to reason that they were well enough to request an extension from the district court. Farquhar does not explain why they failed to do so. The district court therefore did not abuse its discretion when it denied Farquhar's motion to alter or amend judgment under Rule 59(e).

The district court's judgments are hereby AFFIRMED.